FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
12/6/2024
JEFFREY P. COLWELL, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JANE ROE,

      Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as Chief Judge of the Colorado Supreme Court;
BRYON LARGE, individually, and in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado Supreme Court,

      Defendant(s).

---

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR VIOLATIONS OF FEDERAL AND STATE DISCRIMINATION LAWS, PRIVACY RIGHTS, CIVIL RIGHTS, AND DUE PROCESS and
## JURY DEMAND

---

Plaintiff, under the pseudonym Jane Roe, hereby states her complaint against the

Defendants and demands a trial by jury for all claims and issues so triable, and a trial to the

bench for all remaining claims and issues.

Complaint final.docx

## I.    INTRODUCTION

1.   This case arises from the acts and omissions of the defendants that violated Plaintiff's civil rights, took Plaintiff's property contrary to law, defamed her personally and professionally, and violated her privacy rights.  The facts herein demonstrate pervasive institutional and individual bias and discrimination against Plaintiff, based on her disability, gender, age, and marital status, and retaliation against Plaintiff for exercising her constitutionally protected rights.

2.   The Defendants, through a series of unlawful and discriminatory decisions, have stripped Plaintiff of her right to practice law, tarnished her reputation, and obstructed her ability to seek redress—all under the guise of procedural compliance. They were fully aware of the unjust nature of their actions and had been previously notified of the discriminatory impacts of their policies and decisions. Yet, they chose to proceed with their prejudicial actions, repeatedly exhibiting a blatant disregard for the principles of equality and justice that form the bedrock of our legal system. This lawsuit seeks to right those wrongs, restore Plaintiff's professional standing, and ensure that such egregious misconduct is not repeated.

## II. JURISDICTION

3.   Subject Matter Jurisdiction: This Court has subject matter jurisdiction over the claims presented in this complaint pursuant to the laws of the State of Colorado, as all actions, transactions, and injuries alleged herein occurred within this state. Additionally, this Court has federal question jurisdiction under 28 U.S.C. § 1331, as the complaint involves matters arising under the Constitution, laws, or treaties of the United States.

4.   Personal Jurisdiction: This Court has personal jurisdiction over the defendant(s) because the defendant(s) reside(s) in, conduct(s) business in, or has/have committed acts within the State of Colorado that gave rise to the claims asserted herein. Furthermore, the defendant(s) have sufficient minimum contacts with the State of Colorado such that the exercise of jurisdiction over the defendant(s) does not violate traditional notions of fair play and substantial justice.

5.   Venue is proper in this Court because all the Defendants are domiciled in Colorado, and the alleged actions giving rise to the claims occurred within this Court's jurisdiction.

## III. PARTIES

6.   Plaintiff Jane Roe is an individual domiciled in the State of Wyoming.  Plaintiff was an attorney admitted to practice law in Colorado for almost 30 years with no disciplinary history before the subjects of this action.

7.   Defendant the Colorado Judicial Department is a division of the State of Colorado (hereinafter, "the Judiciary").  At all times relevant to this complaint, the employees and supervisors of the Judiciary acted under color of state law.

8.   Defendant Brian D. Boatright  ("Boatright") is a Justice of the Colorado Supreme Court, whose business address is 2 E 14th St, Denver, Colorado 80203. Defendant Boatright is domiciled in the State of Colorado.  At all times relevant to this Complaint, Defendant Boatright was the Chief Justice of the Colorado Supreme Court.  Defendant Boatright is sued in his individual and his official capacities.

9.   Defendant Bryon M. Large ("Large") is the Presiding Disciplinary Judge of the Colorado Supreme Court, whose business address is 1300 Broadway, Denver, Colorado 80203. Defendant

Complaint final.docx

Large is domiciled in the State of Colorado. Defendant Large is sued in his individual and his official capacities.

10. Defendant Jacob Vos ("Vos) is an individual employed as Assistant Regulation Counsel—Trial Division with the Office of Attorney Regulation Counsel, whose residential address is listed in public records as located in Silverthorne, Colorado.  Defendant Vos' business address is 1300 Broadway, Denver, Colorado 80203.  Defendant Vos is domiciled in the State of Colorado. Defendant Vos is sued in his individual and his official capacities

11. Defendant Jessica Yates ("Yates") is an individual employed as Attorney Regulation Counsel with the Office of Attorney Regulation Counsel, whose business address is 1300 Broadway, Denver, Colorado 80203. Defendant Yates is domiciled in the State of Colorado. Defendant Yates is sued in his individual and his official capacities

12. Defendant Rhonda White-Mitchell is an individual employed as Senior Assistant Regulation Counsel—Intake Division, with the Office of Attorney Regulation Counsel, whose business address is 1300 Broadway, Denver, Colorado 80203. Defendant Mitchell is domiciled in the State of Colorado.

13. Defendant Cheryl Stevens is an individual employed as the Clerk of the Colorado State Supreme Court, whose business address is 2 E 14th St, Denver, Colorado 80203. Defendant Stevens is domiciled in the State of Colorado.

14. Defendants Yates, Vos, and White-Mitchell are collectively referred to as the "OARC Defendants."

15. Defendants Boatright, Large, and Stevens are collectively referred to as the "Supreme Court Defendants."

Complaint final.docx

16.  Defendant the Colorado Judicial Department, the OARC Defendants, and the Supreme Court Defendants are collectively referred to as the "Defendants."

## IV. GENERAL ALLEGATIONS

17. At all times relevant to this action, Defendant Boatright acted under color of state law, because he had the authority to implement and enforce the administrative procedures and policies of the Judiciary, the Colorado Rules of Civil Procedure, Chief Justice Directives, and all aspects of access to the Courts in Colorado by a disabled attorney and unrepresented party, including filing papers with the court and access to the court files in which she is or was a party.

18. Defendant Boatright directly or indirectly precluded Plaintiff from filing documents in her appellate and district court civil cases electronically after September 2022 and denied plaintiff equal access to the register of actions and documents filed in cases in which she was a party.

19. Defendants Boatright and the Judiciary also directly or indirectly refused to deliver copies of orders filed in the cases in which Plaintiff was a party at the same time such orders were delivered to opposing parties who were represented by counsel.  By delivering orders to represented parties several days before they were delivered to Plaintiff, Defendant Boatright and the Judiciary engaged in ex parte communications with represented parties to the disadvantage of Plaintiff.  In most instances, copies of orders and other filings in Plaintiff's cases were not actually delivered before the deadlines to respond or reply had expired.

20. Defendants Boatright and the Judiciary denied Plaintiff due process, equal protection of the laws, and equal access to the Judiciary by their actions which included not giving Plaintiff

the same amount of time to respond or reply to a motion or order as represented parties and attorneys who were not disabled. The Office of Attorney Regulation Counsel (OARC) is a division of the Colorado State Supreme Court responsible for enforcing the rules of professional conduct for attorneys in the State of Colorado.

21. At all times relevant to this action, Defendant Large acted under color of state law because he supervises and directs the administration of attorney disciplinary and disability cases and procedures in this office within the Supreme Court of Colorado.  Defendant Large maintained and unwritten policy and practice of using a court reporter who is not contracted with the Judiciary or the State of Colorado for hearings and transcription, without notice to the parties.

22. At all times relevant to this Complaint, the court reporter selected by Defendant Large to record and transcribe hearings and other proceedings in Plaintiff's cases was Javernick & Stenstrom, LLC ("Javernick").  Javernick charged Plaintiff rates that were more than twice the rates approved by the Judiciary.  Defendant Large refused to allow proceedings to be transcribed or recorded by a stenographer who was authorized by the Judiciary to keep or transcribe the official record of proceedings held in courts within the Judiciary.

23. On information and belief Defendants Large, Boatright, Vos, and/or Yates received a personal benefit or compensation for using Javernick to transcribe or record depositions and hearings, including those held in Plaintiff's cases.

24. At all times relevant to this action, Defendant Vos acted under color of state law because he used his authority as an attorney with OARC and the Judiciary to single out Plaintiff by directly contacting the technical administrative staff of the E-Filing system to have them block Plaintiff's access to the E-Filing system for all purposes, including blocking Plaintiff from filing

Complaint final.docx

papers with the Court and/ or from viewing the court register of actions and filings in pending actions in which she was a party.

25. On information and belief, at all times relevant to this action, Defendant Vos's direct actions were because of Plaintiff's disability.  Defendant Vos perceived Plaintiff as disabled and discriminated against her because of her disability, gender, age, and marital status.

26. On information and belief, Defendant Vos has not directly taken the same or substantially similar actions to block any other attorney from accessing the E-filing System.

27. On information and belief, Defendant Vos received a personal benefit or compensation directly or indirectly from Michael Bohn and/or Miles Buckingham in exchange for his actions.

28. On information and belief, Defendant Vos had communications with Defendant Large, Defendant Boatright, or one or more of the other Supreme Court Justices about Plaintiff without including Plaintiff simultaneously in those communications.

29. At all times relevant to this action, Defendant Yates acted under color of state law, because she abused the authority  of her position as Attorney Regulation Counsel to single out and discriminate against Plaintiff  in all aspects of Defendant Yates' authority, including in the decision to initiate disability and disciplinary actions against Plaintiff, and in the decision to not initiate investigations or actions against any attorney whose conduct Plaintiff raised with Defendant Yates' office.  Defendant Yates, individually and in her official capacity, did not apply the Rules of Professional Conduct

30. Defendant Yates, as Attorney Regulation Counsel, was appointed by the Colorado Supreme Court to assist the Court in regulating all aspects of the practice of law in Colorado. Attorney Regulation Counsel maintains and oversees several permanent offices, including the

Complaint final.docx

Office of Admissions, the Office of Attorney Registration and Continuing Legal and Judicial Education, and the Office of Attorney Regulation Counsel. Within these offices, Attorney Regulation Counsel handles attorney admissions, attorney registration, mandatory continuing legal and judicial education, proactive educational programs and services, attorney discipline and diversion, regulation of administrative law judges, magistrates, and municipal court judges; administration of the Attorneys' Fund for Client Protection; regulation of the unauthorized practice of law; outreach; and inventory counsel matters.

31. At all times relevant to this action, Defendant Mitchell acted under color of state law because her employment as Senior Assistant Regulation Counsel put her in charge of making initial determinations whether to investigate or dismiss a complaint brought against an attorney. For some unknown reason, Defendant Yates assigned Defendant Mitchell as the intake person for all complaints brought by Plaintiff.  None of the complaints brought by Plaintiff were investigated.  Instead, Defendant Mitchell dismissed all of them, including the complaints brought against Lee Freedman for defrauding a title company; against Michael Bohn, for defrauding the courts; and against David Lichtenstein, for violating the attorney client privilege, not following a client's requests to go to trial, and stealing client funds.   Defendant Mitchell automatically discounted the issues and facts raised by Plaintiff because of Plaintiff's perceived disability, age, gender, and marital status.

32. On information and belief, at all times relevant to this action, no other assistant regulation counsel was assigned to handle all complaints brought by a particular attorney.  This is one example of how Plaintiff was singled out and discriminated against by Defendants Mitchell and Yates.

Complaint final.docx

33. At all times relevant to this action, Defendant Stevens acted under color of state law because as Clerk of the Supreme Court, Defendant Stevens abused her authority as gatekeeper to the Supreme Court file access by selectively permitting Plaintiff to send documents for filing in cases in which she was a party by email, requiring Plaintiff to pay for paper or electronic copies of documents filed in Plaintiff's case when no service copy was received, and by requiring Plaintiff to file paper copies of documents with the court even though the Supreme Court was, as Ms. Stevens stated in writing in the fall of 2024, "an electronic court that does not maintain paper files."

34. In addition, at all times relevant to this action, Defendant Stevens refused to allow Plaintiff to review the electronic file of any case in which Plaintiff was a party without paying for access, even though the official files of the Court are all electronic.

35. At all times relevant to this action, Defendant Stevens treated Plaintiff differently and discriminated against Plaintiff because of her disability, gender, age, and marital status.

36. At all times relevant to this Complaint, OARC had a policy or practice of dismissing or not investigating grievances brought against an attorney by opposing counsel in pending litigation.

37. At all times relevant to this Complaint, OARC had a policy or practice of not investigating grievances brought against an attorney that involved civil claims that could be brought in court.

38. Between 2000 and 2022, OARC filed one petition to transfer an attorney to disability inactive status where the subject attorney contested the Petition—the one against Plaintiff.

39. Plaintiff contested the Petition filed by Jacob Vos with Defendant Large in 2022.

40. The filing of the Petition for disability inactive status is evidence that the OARC Defendants believed and perceived Plaintiff was disabled, because C.R.C.P 243 requires OARC to hold such a belief before filing such a Petition.

41. The official actions and beliefs of the OARC Defendants are imputed to the remaining Defendants.

42. At all times relevant to this Complaint, petitions filed with Defendant Large to transfer an attorney to disability inactive status were confidential, and the files were suppressed or sealed.

43. At all times relevant to this Complaint, for each Petition to transfer an attorney to disability inactive status filed with Defendant Large, the respondents' names, filing dates, whether the petition was contested, and the disposition of petitions to transfer an attorney to disability inactive status are not available to the public.

44. At all times relevant to this complaint, OARC had a policy or practice of not filing a Petition to transfer an attorney to disability inactive status unless the responding party agreed to the petition, or the OARC has determined by clear and convincing evidence that the responding party is disabled.

45. Defendant Large hired a stenographer who was not contracted with the State of Colorado or the Office of the Presiding Disciplinary Judge as the custodian of the official record in the hearings in Plaintiff's disability and disciplinary cases. The stenographer charged a transcription rate of more than $6 per page. The contracted rate for stenographers authorized to transcribe proceedings in the Colorado Courts was approximately $3.50 per page.

46. Defendant Large did not notify the parties that he had hired a stenographer for the proceedings in Plaintiff's cases.

Complaint final.docx

47. Defendant Large did not enter any orders in Plaintiff's cases authorizing the freelance stenographer to make or keep the official record of the proceedings.

48. Between May 2022 and February 2023, there was no policy, practice, contract, statute, order, or other provision of law that required the stenographer to maintain the confidentiality of the proceedings in Plaintiff's disability case.

49. Defendants Vos and Yates requested that Plaintiff be required to pay the costs of the meals, parking, and hotel accommodations for the hearing board members in connection with Plaintiff's disciplinary case. The receipts submitted with the request show that Defendant Large directly or indirectly submitted the costs to Defendant Yates for approval while the hearing was in progress.

50. The reimbursement request also included the costs for lunches for five people, two of whom were not identified.

51. On information and belief, the OARC Defendants had lunch with Defendant Large on certain days when the hearing in Plaintiff's disciplinary case was in progress.

52. On information and belief, the OARC Defendants communicated with Defendant Large outside the presence of Plaintiff's counsel, before, during, and after the disciplinary hearing in Plaintiff's case before the decision was rendered on March 3, 2023.

53. From 2020 through today, Plaintiff's disciplinary case was the only case prosecuted by OARC and Defendant Large that involved an attorney representing his or herself in a court action.

54. From 2020 through today, Plaintiff's disciplinary case was the only case prosecuted by OARC and Defendant Large that did not involve misconduct towards a client and the OARC sought disbarment.

55. From 2020 through today, Plaintiff's disciplinary case was the only case prosecuted by OARC and Defendant Large where the responding attorney had been determined to be disabled after a contested evidentiary hearing.

56. The evidentiary hearing in Plaintiff's disability case was held on December 8, 2022 and Defendant Large entered its order determining Plaintiff was disabled on December 12, 2023. This Order was entered orally from the bench via videoconference and was not reduced to writing.

57. Plaintiff later found out that the Javernick was on the videoconference and recorded the oral ruling on December 12, 2023. When Plaintiff requested to get a transcript of the hearing, Defendant Large refused to transmit the audio to a court approved stenographer and refused to require the stenographer to charge no more than the state approved per page rate.

58. In addition, Defendant Large refused to reduce the Order to writing. His refusal to do so was intended to interfere with Plaintiff's legal rights and right to appeal because he knew Plaintiff could not afford to obtain the transcript at the rates charged by Javernick, and he knew that without the transcript, the record on appeal would be incomplete.

59. On information and belief, Defendant Large received undisclosed and unauthorized personal benefits or compensation because of his arrangement with the stenographer.

60. Defendant Large's decision to require Plaintiff to pay all costs requested by the OARC Defendants was made in retaliation for Plaintiff's attempts to assert and exercise her constitutionally protected legal rights.

61. On information and belief, Defendant Large intentionally interfered with Plaintiff's legal rights including her right to appeal.

62. Defendant Large abused his authority as Presiding Disciplinary Judge when he determined that Plaintiff was disabled, even though the Court-ordered IME was inconclusive.

63. Plaintiff's hearing in the disciplinary case commenced on January 3, 2023.

64. According to the Colo. Const. art. VI, § 5, the chief justice of the Supreme Court is the executive head of the judicial system. The chief justice of the Colorado Supreme Court is empowered to delegate his or her administrative powers to the chief judges of the judicial districts.

65. The Chief Justice of the Supreme Court implements his administrative authority by means of Chief Justice Directives, under the Supreme Court's general superintending power over the court system.

66. Defendant Boatright issued a Chief Justice Directive that states the policy of the Colorado Courts to only use authorized stenographers as court reporters and transcribers. Authorized stenographers are contracted with the State of Colorado to provide reporting and transcription services.

67. Only authorized stenographers are permitted to transcribe or create the official record of court proceedings, including at hearings and trials.

68. Included in Defendant Boatright's administrative duties was the authority to decide whether disabled attorneys and unrepresented parties are allowed to use the electronic filing system described in C.R.C.P. 121 Section 1-26 ("E-filing")  to file papers with the Colorado Courts, including in civil cases pending in the state District Courts, and appeals pending before the Colorado Court of Appeals and the Colorado Supreme Court.

69. At all times relevant to this complaint and through today, Rule 121 Section 1-26 §3(b) provides: "Where the system and necessary equipment are in place to permit it, pro se parties and government entities and agencies may register to use the E-System." *Rule 121 - Local Rules-Statewide Practice Standards*, C.R.C.P. 121.

70. At all times relevant to this Complaint and through today, pro se parties are permitted to use the E-filing system for domestic relations (DR) cases and eviction cases.

71. Plaintiff raised the problem of ex parte communications and lack of equal access caused by the lack of e-filing access for unrepresented parties and disabled attorneys to the courts in multiple papers filed with the courts in 2022 and 2023. The Courts did not respond to these issues.

72.  In the fall of 2023, Plaintiff attended a public meeting of the Colorado Judicial Initiative in Grand Junction and raised these issues in a question to (now Chief) Justice Monica Marquez. In response to Plaintiff's question, Justice Marquez said, in sum and substance, that e-filing would not be expanded to other pro se users or to disabled attorneys at any known time in the future.

73. At all times relevant to this Complaint, disabled attorneys and unrepresented parties were not allowed to use the electronic filing system to access the civil cases and appeals in which they were parties, or to file papers with the court by any electronic means.

74. At all times relevant to this Complaint, unrepresented parties, including disabled attorneys, in a district court or appellate case were served by mail with papers filed with the court.

75. In 2011, C.R.C.P 6(e)  was repealed, which removed the provision allowing three extra days in the calculation of deadlines under the rules if the papers were served by mail.  Rule 6 was further amended and reviewed by the Colorado Supreme Court in 2019 and 2021, while Defendant Boatright was Chief Justice.

76. At all times relevant to this Complaint, C.R.C.P. 5(d) required a certificate of service confirming service on a party before papers were filed with the court: "**(d) Filing Certificate of Service.**  All papers after the initial pleading required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service." *Rule 5 - Service and Filing of Pleadings and Other Papers*, C.R.C.P. 5

77. At all times relevant to this Complaint, the Colorado Court of Appeals allowed certain motions of a certain length to be transmitted by fax to the clerk of the court of appeals for filing in a pending appeal.

78. The Clerks' offices for the Colorado Supreme Court and the Court of Appeals are located on the same floor in the same building and are not separated from each other by any walls or doors.

79. The applicable procedure for a determination of disability inactive status is defined in Rule 243.6(a):

**(a) Procedure and Determination.**

(1) *Petition Filed by Regulation Counsel.*

(A) Petition. If the Regulation Counsel has reason to believe that a lawyer is disabled, the Regulation Counsel may file a petition with the Presiding Disciplinary Judge alleging that the lawyer is disabled and requesting an order requiring the lawyer to undergo an independent medical examination or an order transferring the lawyer to disability inactive status. The Regulation Counsel must promptly serve on the lawyer a copy of the petition and file with the Presiding Disciplinary Judge proof of service.

(B) Show Cause Order. Unless the Regulation Counsel files an affidavit setting forth facts that clearly and convincingly show the lawyer is unable to respond, the Presiding Disciplinary Judge must afford the lawyer an opportunity to show cause in writing why the requested relief should not be granted.

(C) Determination. After considering the lawyer's response, the Presiding Disciplinary Judge may issue appropriate orders, such as ordering an independent medical examination of the lawyer by a qualified examiner designated by the Presiding Disciplinary Judge. If the Presiding Disciplinary Judge finds clear and convincing evidence that the lawyer is disabled, the Presiding Disciplinary Judge will transfer the lawyer to disability inactive status.

*C.R.C.P. 243.6*

80. At all times relevant to this Complaint, Rule 243 of the Colorado Rules of Civil Procedure defines the procedure and standards for a proceeding to transfer an attorney to disability inactive status.

81. Plaintiff's attorney license to practice law in the state of Colorado is "property" within the meaning of term under the United States of America and Colorado State Constitutions.

82. At all times relevant to this Complaint, Rule 243.4 established the standard to transfer an attorney to disability inactive status:

**Rule 243.4. Standard and Effect**
**(a) Standard.** A lawyer is disabled under this rule and may be transferred to disability inactive status if the lawyer is unable to competently fulfill professional responsibilities as a result of a physical or behavioral health condition or disorder, including a mental, cognitive, emotional, substance use, or addictive issue.
**(b) Effect.** While a lawyer is on disability inactive status, the lawyer must not practice law. Disability inactive status is not a form of discipline. The pendency of a disability proceeding or a lawyer's transfer to disability inactive status does not stay a disciplinary proceeding against the lawyer, unless such an order is entered under C.R.C.P. 242.28 (governing alleged inability to defend disciplinary proceedings).

*C.R.C.P. 243.4*

83. There are no reported decisions, statutes, committee notes, published cases, Chief Justice

Directives, or citing references that provide additional guidance, interpret, or explain the

standard and procedures described in C.R.C.P. 243 (as amended effective July 1, 2021).

**Rule 243.3. Immunity**

**(a) Prohibition Against Lawsuit Based on Proceeding Under this Rule.** A lawyer may not institute a civil lawsuit against any person based on testimony in a proceeding under this rule or other written or oral communications made to relevant entities described in this rule, those entities' members or employees, or persons acting on their behalf, including monitors and health care professionals.

**(b) Immunity for Entities.** All entities described in this rule and all individuals working or volunteering on behalf of those entities are immune from civil suit for conduct in the course of fulfilling their official duties under this rule.

Adopted May 20, 2021, effective July 1, 2021.

*C.R.C.P. 243.3*

84. On  December 8, 2022, the Defendant Large held an evidentiary hearing, and determined

the Plaintiff to be disabled from the practice of law.  Defendant Large's determination was

announced on December 12, 2022.

85. Subsequently, in January 2023, Defendant Large convened a hearing.

86. On March 3, 2023, the hearing board issued its decision that Plaintiff should be disbarred from the practice of law.

87. The facts and circumstances underlying the disability decision were substantially the same as those underlying the disciplinary decision and arose out of Plaintiff's self-representation and not to her professional duties to clients.

88. The decision to disbar Plaintiff was based on unlawful discrimination due to disability, age, gender, and marital status.

89. Then, in September 2023, the Supreme Court dismissed Plaintiff's appeal because the transcripts were not delivered on time, after Defendant Large refused to send the audio recordings to a state-approved transcriber.

90. Then, in February 2024, the Supreme Court issued a decision barring Plaintiff from representing herself in any action in any state court in Colorado.  This opinion falsely concluded that plaintiff had filed multiple actions since being disbarred, and falsely asserted that the moving parties had any standing to bring the action.   This opinion departs so far from established principles of the application and interpretation of the law that it is only explained as discrimination and a violation of Plaintiff's constitutional rights.

91. These discriminatory actions resulted from concerted action taken by three parts of the Supreme Court of the state of Colorado: The Office of Attorney Regulation (OARC); the Office of the Presiding Disciplinary Judge (PDJ), and the administrative acts and omissions of the justices and clerk of court of the Supreme Court itself (SCT).

92. These actions are unprecedented and stand in stark contrast to the lack of discipline and restrictions imposed against white male attorneys who are not disabled, even when they

committed offenses that directly harmed clients and the public, including those who admitted to or were convicted of crimes.

93. Defendant Large further interfered with Plaintiff's appellate rights by refusing to send the audio for transcription to a state-approved transcriber, resulting in the transcripts not being produced in time to be included as part of the record on appeal.

94. Defendant Large wrongfully imposed excessive costs against Plaintiff and violated her privacy rights by allowing access to the disability proceedings to an unauthorized court reporter without any contract or agreement to maintain court-ordered confidentiality, and without notice or approval by Plaintiff.

95. Defendant Large denied Plaintiff's request for state-paid transcripts, further impeding her ability to obtain the transcripts. When the transcripts were eventually produced, Defendant Large's office refused to provide them to the Supreme Court of Colorado as part of the record on appeal.

96. The Supreme Court of Colorado refused to allow Plaintiff to supplement the record on appeal, struck her opening brief, and dismissed her appeal without considering the merits, based on Plaintiff's disability, age, gender, marital status, and self-representation.

97. The Supreme Court of Colorado has adopted policies that prohibit disabled attorneys and unrepresented parties from using the state's e-filing system, or filing by email or by fax, unlike other courts in the state which allow some electronic filings. Due to residing over 100 miles from the courthouse and being required to file in paper form, these limitations denied Plaintiff equal access to the court and equal protection under the law.

98. The court notified represented parties of orders and actions electronically, but notified Plaintiff by mail, which resulted in ex parte communications with represented parties occurring days before Plaintiff was notified, usually 7 to 10 days before she received a mailed copy. This often resulted in the expiration of Plaintiff's time to respond or reply before she even received notice of the action.

99. On or about October 22, 2022, Jacob Vos, Assistant Regulation Counsel, contacted the e-filing administrative staff to have Plaintiff's access disabled. Jessica Yates was aware of this action and did nothing to rectify it. No other calls were made to disable access for disabled attorneys.

100.    Defendant Mitchell chose not to investigate claims brought by Plaintiff against attorneys who committed crimes and caused significant damage to the public and their clients by their actions.

## V. COUNT ONE: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA)

101.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

102.    Plaintiff Jane Roe is a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131(2).

103.    Defendant, Defendant Large(PDJ) of the Colorado Supreme Court, and associated entities and individuals, are public entities as defined under Title II of the ADA, 42 U.S.C. § 12131(1).

Complaint final.docx

104.    Defendants are required under Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulations, to provide qualified individuals with disabilities an equal opportunity to participate in or benefit from their services, programs, or activities.

105.    Defendants have discriminated against Plaintiff by denying her the benefits of the services, programs, or activities of the Colorado Supreme Court, because of her disability.

106.    Specifically, Defendants refused to accommodate Plaintiff's disability during the disciplinary proceedings and appellate process, which included failing to provide timely and necessary access to transcripts essential for her appeal.

107.    Further, Defendants imposed barriers by denying Plaintiff the use of state-contracted transcription services, which are customarily provided to individuals without disabilities under similar circumstances.

108.    Defendants also failed to ensure that Plaintiff could access court services on an equal basis with others, by refusing to send audio recordings for transcription to a state-approved transcriber, thereby delaying the production of transcripts necessary for Plaintiff's appeal, refusing to accept filings electronically, by email, or by fax, denying Plaintiff equal time to respond and reply to filings after receipt of notice of same, and delaying the mailing and delivery of service copies of court orders to Plaintiff by several days after the orders were filed in the court and delivered to opposing parties who were not perceived by the court to be disabled, and were male.

109.    Additionally, Defendants' policies and actions, including the refusal to allow Plaintiff to supplement the record on appeal and the striking of her opening brief, were discriminatory actions that denied Plaintiff equal protection and equal access under the law.

Complaint final.docx

110.    Defendants' conduct as described above was a direct violation of Plaintiff's rights under Title II of the ADA, which prohibits discrimination on the basis of disability in the services, programs, or activities of a public entity.

111.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer damages, including emotional distress, humiliation, loss of professional reputation, and economic losses.

112.    WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

## VI. COUNT TWO: DEFAMATION

113.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

114.    Defendant Jacob Vos, on or about October 22, 2022, contacted the e-filing administrative staff to have Plaintiff's access disabled, which was an action based on false pretenses.

115.    Defendant Jessica Yates was aware of Jacob Vos's actions to disable Plaintiff's e-filing access and failed to intervene or correct the false narrative, thereby endorsing and further disseminating the defamatory content.

116.    No calls or actions were similarly made to disable access for other attorneys, which falsely implies a unique and unfounded deficiency or misconduct on the part of Plaintiff.

117.     The actions of Defendants Jacob Vos and Jessica Yates in falsely representing Plaintiff's capabilities and status as an attorney were communicated to other members of the legal and administrative staff, thereby publishing the defamatory statements.

118.     Defendant the Supreme Court also defamed Plaintiff in its February 20, 2024 opinion, when it stated that Plaintiff had filed multiple actions since being disbarred or disciplined by the courts, when the court knew there was no evidence to support such a statement, and it was false.

119.     The published statements were false, as Plaintiff's disability does not impede the ability to utilize e-filing systems, nor was there any legitimate basis for singling out Plaintiff for such discriminatory treatment.

120.     The false statements and actions by Defendants were made with malicious intent or at least negligence regarding the truth, as no proper verification or inquiry was made into the necessity or truthfulness of disabling Plaintiff's e-filing access based on disability.

121.     The defamatory statements and actions have directly damaged Plaintiff's reputation in the community, leading to professional and personal harm.

122.     As a direct and proximate result of the defamation, Plaintiff has suffered and continues to suffer general and special damages in an amount to be proven at trial, including but not limited to, loss of professional and personal reputation, emotional distress, and barrier to professional and personal opportunities.

123.     WHEREFORE, Plaintiff demands judgment against the OARC and Supreme Court Defendants for compensatory damages, punitive damages, costs, and any other relief in Plaintiff's favor and against these Defendants that this Court deems just and proper.

## VII. COUNT THREE: STATE LAW CLAIMS FOR MALFEASANCE OR NONFEASANCE

124.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

125.    In Colorado, a claim for malfeasance or nonfeasance against a public official requires the plaintiff to establish that the defendant, while acting in their official capacity, either unlawfully performed an act that they had no legal right to perform (malfeasance) or failed to perform a duty required by law (nonfeasance).

126.    Defendant Large, in his capacity as the Presiding Disciplinary Judge (PDJ) for the Supreme Court of Colorado, committed malfeasance by unlawfully interfering with Plaintiff's appellate rights. Specifically, Defendant Large refused to send the audio for transcription to a state-approved transcriber, thereby preventing the transcription from being included in the record on appeal, an act outside his lawful authority.

127.    Furthermore, Defendant Large committed nonfeasance by failing to perform his legal duty to ensure that the transcripts were produced in time and included as part of the record on appeal, as required under Colorado law governing appellate procedures.

128.    Defendant Large also committed malfeasance by imposing excessive costs against Plaintiff, which were not justified under any statutory or regulatory framework and served his own pecuniary interests, thereby performing an act he had no legal right to perform.

129.    Additionally, Defendant Large committed nonfeasance by failing to protect Plaintiff's privacy rights during the disability proceedings. He allowed access to these proceedings by an unauthorized court reporter without any contract or agreement to maintain confidentiality, directly violating Colorado's laws on confidentiality in disability proceedings.

Complaint final.docx

130.     Defendant Jacob Vos, Assistant Regulation Counsel, committed malfeasance by contacting the e-filing administrative staff to disable Plaintiff's access to the e-filing system. This act was performed without any legal basis or authority, and solely based on Plaintiff's perceived disability.

131.     Defendant Jessica Yates, as part of her official duties, committed nonfeasance by failing to investigate Plaintiff's claims against other attorneys who committed crimes and caused significant damage to the public and their clients. Her failure to act on these complaints, where similar complaints against other individuals have been pursued, demonstrates a failure to perform a duty required by law.

132.     The actions of these Defendants, as described above, directly resulted in harm to Plaintiff, including the loss of her license to practice law, financial burdens due to improperly imposed costs, and a denial of due process and equal protection under the law.

133.     WHEREFORE, Plaintiff demands judgment against these Defendants for compensatory damages, injunctive relief, costs, and any other relief this Court deems just and proper.

## VIII. COUNT FOUR: DUE PROCESS VIOLATIONS UNDER THE FOURTEENTH AMENDMENT

134.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

135.     The Fourteenth Amendment to the United States Constitution guarantees that no state shall deprive any person of life, liberty, or property, without due process of law.

136.     Plaintiff's right to practice law, a professional license, constitutes a protected property interest under the Fourteenth Amendment.

137.     Plaintiff was deprived of this property interest when Defendant Large of the Colorado Supreme Court ordered her disbarment in March 2023 without sufficient procedural protections.

138.     Defendant Large failed to provide a fair and impartial hearing by basing the disbarment on the same allegations previously used to declare Plaintiff disabled, which were unrelated to her professional duties and did not warrant disbarment.

139.     Defendant Large further violated Plaintiff's due process rights by interfering with her right to appeal. Specifically, Defendant Large refused to send the audio for transcription to a state-approved transcriber, thereby delaying the production of transcripts necessary for an effective appeal.

140.     Defendant Large's office exacerbated this due process violation by refusing to provide the produced transcripts to the Colorado Supreme Court as part of the appellate record.

141.     The Colorado Supreme Court compounded the due process violations by refusing to allow Plaintiff to supplement the appellate record and by striking her opening brief and dismissing her appeal without considering the merits.

142.     These actions collectively and significantly impeded Plaintiff's ability to challenge the disbarment decision, effectively denying her access to an appropriate and available judicial remedy.

143.    Furthermore, Defendant Large imposed excessive costs against Plaintiff and violated her privacy rights during the disability proceedings, actions which further illustrate the lack of fairness and impartiality in the handling of her case.

144.    The cumulative effect of these actions by Defendant Large and the Colorado Supreme Court Defendants denied Plaintiff the due process of law guaranteed by the Fourteenth Amendment.

145.    WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

## IX. COUNT FIVE: EQUAL PROTECTION VIOLATIONS UNDER THE FOURTEENTH AMENDMENT

146.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

147.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits states from denying any person within their jurisdiction the equal protection of the laws.

148.    This provision mandates that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is intended to ensure that individuals in similar situations are treated alike under the law.

149.    Plaintiff alleges that the actions taken by the Defendants, as detailed herein, constitute a violation of the Equal Protection Clause because they were discriminatory because of disability, age, gender, and marital status.

150.    Specifically, Plaintiff was subjected to disparate treatment compared to other similarly situated individuals who were not disabled, not of the same age, gender, or marital status, particularly noting that White male attorneys who committed more serious offenses were not disbarred or similarly disciplined.

151.    Plaintiff further alleges that the policies and practices adopted and enforced by the Defendants, including but not limited to the refusal to allow electronic filing for unrepresented parties, disproportionately impacted Plaintiff due to her status and directly contributed to a denial of equal protection under the law.

152.    Plaintiff was denied equal access to appellate rights and procedures, which were afforded to other attorneys without disabilities, as evidenced by the refusal of Defendant Large to send audio for transcription to a state-approved transcriber, thereby delaying and effectively denying Plaintiff's ability to appeal.

153.    The Defendants' actions in striking Plaintiff's opening brief and dismissing her appeal without consideration of the merits further exemplify the unequal treatment based on Plaintiff's disability, age, gender, and marital status.

154.    The imposition of excessive costs and the unauthorized disclosure of confidential information related to Plaintiff's disability proceedings further underscore the discriminatory practices employed by Defendants against Plaintiff, contrasting sharply with the treatment of other attorneys who were not subject to such prejudicial actions.

155.    By these actions, Defendants have treated Plaintiff differently than other similarly situated attorneys in violation of her right to equal protection under the Fourteenth Amendment.

156.     Such discriminatory treatment has directly caused Plaintiff significant harm, including but not limited to the loss of her professional license, financial burdens, and severe emotional distress.

157.     WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

## X. COUNT SIX: PRIVACY VIOLATIONS

158.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

159.     In Colorado, a claim for invasion of privacy may arise under circumstances where an individual's private affairs are intruded upon in a manner that would be highly offensive to a reasonable person.

160.     The Defendants,  by actions taken through their agents and employees, engaged in activities that resulted in the unauthorized disclosure of confidential information pertaining to the plaintiff's disability proceedings.

161.     In Plaintiff's appeal of the disciplinary decision rendered by Defendant Large, the Supreme Court Defendants made public the letter from Plaintiff's physician that was filed under seal in the Jefferson County District Court, and was suppressed in the Disciplinary and Disability cases, even though this letter should have remained sealed  pursuant to CJD-05.

162.     Defendant Large allowed Javernick access to the suppressed disability proceedings, even though the stenographer was not under any contract or agreement to maintain the confidentiality of those proceedings and was not subject to the confidentiality orders issued

Complaint final.docx

by Defendant Large. By thereby making unauthorized disclosures of Plaintiff's confidential information, Defendant Large violated Plaintiff's privacy rights.

163.     The Supreme Court Defendants did this without obtaining prior consent from the Plaintiff or providing notice to the Plaintiff, thereby breaching the duty to protect the Plaintiff's confidential information.

164.     Such actions by the Supreme Court Defendants constituted an intrusion upon the Plaintiff's solitude and private affairs, which a reasonable person would find highly offensive.

165.     As a direct and proximate result of the Supreme Court Defendants' actions, the Plaintiff suffered damages including, but not limited to, emotional distress, harm to reputation, and other psychological injuries.

166.     The Supreme Court Defendants' conduct in handling the Plaintiff's confidential information was not only unauthorized but also done with malicious intent or negligence, given the lack of safeguards and failure to adhere to standard protocols for handling such sensitive information.

167.     The privacy rights of the Plaintiff, as protected under both state and federal laws, were thus violated by the Supreme Court Defendants' actions.

168.     WHEREFORE, Plaintiff demands judgment against Supreme Court Defendants for compensatory damages, punitive damages, injunctive relief, costs, and any other relief this Court deems just and proper.

## XI. COUNT SEVEN: CIVIL RIGHTS ACT TITLE VII CLAIM

169.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

170.    Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, and national origin.

171.    Plaintiff, Jane Roe, was employed by the Colorado Supreme Court as an attorney licensed to practice law in the state of Colorado until her disbarment in January 2023.

172.    Plaintiff alleges that her disbarment and the preceding determination of disability by Defendant Large(PDJ) of the Colorado Supreme Court constituted unlawful employment discrimination based on her gender.

173.    Defendant Large and the Colorado Supreme Court engaged in actions that disproportionately affected Plaintiff compared to her male counterparts, including but not limited to the refusal to provide accommodations typically granted to similarly situated male attorneys who faced disciplinary actions.

174.    Specifically, Plaintiff points to instances where white male attorneys who committed more serious offenses, including those who admitted to or were convicted of crimes, were not disbarred or subjected to similar severe disciplinary measures.

175.    Plaintiff was subjected to discriminatory treatment when Defendant Large interfered with her appellate rights by refusing to send the audio for transcription to a state-approved transcriber, an action not taken against male attorneys in similar situations, thereby impeding her ability to appeal the disbarment decision effectively.

176.     Further discriminatory actions include the imposition of excessive costs against Plaintiff, a punitive measure not equivalently applied to male counterparts, and the wrongful violation of her privacy rights during the disability proceedings.

177.     The cumulative effect of these actions, based on Plaintiff's gender, deprived her of equal employment opportunities and fair treatment in her profession, directly violating Title VII protections.

178.     These actions were part of a broader pattern of behavior by Defendant Large and the Colorado Supreme Court that reflects systemic gender discrimination within the state's judicial disciplinary processes.

179.     As a direct and proximate result of the defendants' actions, Plaintiff suffered damages including loss of professional reputation, emotional distress, and loss of income and benefits associated with her profession as an attorney.

180.     WHEREFORE, Plaintiff seeks relief for these violations under Title VII of the Civil Rights Act, asserting that the discriminatory actions taken against her based on her gender were both intentional and malicious, warranting both compensatory and punitive damages.

## XII. COUNT EIGHT: CIVIL RIGHTS ACT TITLE VI CLAIM

181.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

182.     Title VI of the Civil Rights Act of 1964 prohibits discrimination based on race, color, or national origin in any program or activity receiving Federal financial assistance.

Complaint final.docx

183.    The Colorado Supreme Court and its Presiding Disciplinary Judge (PDJ), as part of the state judiciary, receive federal financial assistance and are thus subject to the requirements of Title VI.

184.    Plaintiff alleges that the actions and decisions by Defendant Large and the Colorado Supreme Court were discriminatorily based on race, color, or national origin, contrary to the protections afforded under Title VI.

185.    Specifically, Plaintiff contends that similar or more severe offenses committed by White male attorneys within the same jurisdiction did not result in disbarment or similarly harsh disciplinary actions, suggesting a discriminatory application of disciplinary measures.

186.    Plaintiff further alleges that the refusal by Defendant Large to provide necessary transcripts and the subsequent refusal by the Colorado Supreme Court to allow Plaintiff to supplement the record on appeal were actions that disproportionately impacted Plaintiff compared to similarly situated White male attorneys, who were not subjected to such procedural barriers.

187.    Additionally, Plaintiff asserts that the policies prohibiting unrepresented parties from using the state's e-filing system, or filing by email or by fax, disproportionately affect non-White, non-male attorneys, as these policies were not equally enforced against White male attorneys, thereby denying Plaintiff equal access to the courts.

188.    The differential treatment and the harsher disciplinary actions imposed on Plaintiff as compared to White male attorneys who committed similar or more serious offenses provide factual support for a claim of discrimination based on race, color, or national origin under Title VI.

189.     Such discriminatory practices have directly harmed Plaintiff by stripping her of her professional license, imposing financial burdens, and obstructing her legal right to appeal, all of which are outcomes that White male attorneys in similar circumstances have not faced.

190.     Based on the foregoing, Plaintiff alleges that the actions of Defendant Large and the Colorado Supreme Court constitute a violation of Title VI of the Civil Rights Act of 1964, as these actions were based on unlawful discrimination against Plaintiff based on race, color, or national origin.

191.     WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

## XIII. COUNT NINE: AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

192.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

118.     Plaintiff, Jane Roe, was at all relevant times a licensed attorney practicing law in the State of Colorado and was over the age of 40 years, thus qualifying as a protected individual under the Age Discrimination in Employment Act of 1967 (ADEA).

119.     Defendant, Defendant Large of the Colorado Supreme Court, engaged in actions affecting the terms, conditions, and privileges of Plaintiff's employment, specifically her license to practice law.

120.     Defendant's actions in disbarring Plaintiff were not based on legitimate grounds but were instead substantially motivated by Plaintiff's age.

121.     Defendant has not similarly disbarred significantly younger attorneys or those under 40 who have committed similar or more severe violations, indicating a pattern of differential treatment based on age.

122.     The disbarment decision dated January 2023, which stripped Plaintiff of her ability to practice law, was influenced by ageist biases, as evidenced by the lack of similar punitive measures against younger, similarly situated professionals in the legal field.

123.     his differential treatment based on age by the Defendant has directly caused significant professional and economic harm to Plaintiff, including loss of professional standing, loss of income, and damage to her reputation within the legal community.

124.     The actions and decisions of the Defendant, as described herein, constitute a willful violation of the Age Discrimination in Employment Act (ADEA), which prohibits discrimination against persons 40 years of age or older in employment settings.

125.     WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, liquidated damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

## XIV. COUNT TEN: VIOLATION OF THE REHABILITATION ACT OF 1973, SECTION 504

126.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

127.     Plaintiff Jane Roe is a qualified individual with a disability within the meaning of the Rehabilitation Act of 1973, Section 504.

Complaint final.docx

128.     The Colorado Supreme Court, through its Presiding Disciplinary Judge (PDJ) and associated administrative offices, is a recipient of federal financial assistance and is therefore subject to the provisions of the Rehabilitation Act of 1973, Section 504.

129.     The actions of the Colorado Supreme Court and its PDJ, as detailed herein, constituted a denial of access to participation in services, programs, or activities for which Plaintiff was otherwise qualified, solely by reason of her disability.

130.     Specifically, Defendant Large determined Plaintiff to be disabled from the practice of law in September 2022 but subsequently convened a hearing in January 2023 that led to Plaintiff's disbarment based on the same reasons that formed the basis for her disability determination.

131.     Further, Defendant Large interfered with Plaintiff's appellate rights by refusing to send audio for transcription to a state-approved transcriber, thereby preventing the timely production of transcripts necessary for inclusion in the appellate record.

132.     Defendant Large wrongfully imposed excessive costs against Plaintiff and violated her privacy rights by allowing access to disability proceedings to an unauthorized court reporter without any contract to maintain confidentiality, and without Plaintiff's notice or approval.

133.     Defendant Large denied Plaintiff's request for state-paid transcripts, further impeding her ability to obtain necessary transcripts for her defense and appeal.

134.     The Supreme Court of Colorado refused to allow Plaintiff to supplement the record on appeal, struck her opening brief, and dismissed her appeal without considering the merits, actions influenced by Plaintiff's disability, as well as her age, gender, and marital status.

Complaint final.docx

135.    The Supreme Court of Colorado has adopted policies that prohibit unrepresented parties from using the state's e-filing system, thereby denying Plaintiff equal access to the court and equal protection under the law, particularly as she resides more than 100 miles from the courthouse and was only notified by mail of court orders, significantly delaying her ability to respond or reply.

136.    These actions collectively demonstrate a pattern of discrimination against Plaintiff based on her disability, in violation of the Rehabilitation Act of 1973, Section 504, which prohibits discrimination based on disability in programs or activities receiving Federal financial assistance.

137.    WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

## XV. COUNT ELEVEN: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

138.    Plaintiff repeats the allegations of all the above paragraphs as if fully set forth herein.

139.    Plaintiff cites to 42 U.S.C. § 1985(3), creating liability for conspiracy to interfere with a person's civil rights.

140.    To state a cause of action, a Plaintiff must plead that two or more persons conspired with a discriminatory motive.

141.    In 1971, in the landmark decision of *Griffin v. Breckenridge*, holding that § 1985(3) allowed for a remedy against private conspiracies.

Complaint final.docx

142.     The *Griffin* Court laid out the elements required to establish a claim under the statute: (1) a conspiracy, (2) a purpose to deprive any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, injury to property, or a deprivation of any right or privilege of a citizen of the United States.

143.     The Court also addressed the scope of the statute's applicability to private actors along two key dimensions. First, the Court held that the private conduct must exhibit an invidiously discriminatory motivation."

144.     To state a claim, a plaintiff must show that the conspiracy was motivated by "some racial, or perhaps otherwise class-based . . . animus."

145.     Second, the Court limited the statute's reach by tying it to grants of congressional authority to regulate private conduct.

146.     Only in those circumstances in which Congress had the authority to regulate private conduct could the statute be applied constitutionally.

147.     In the case at hand, Congress clearly has the authority to regulate discrimination based on Disabilities as seen in both the Civil Rights Act and the Americans with Disabilities Act.

148.     In this case, Plaintiff alleges that all the Defendants conspired to unlawfully discriminate against Plaintiff based on her disability, gender, age, and marital status.

149.     Defendants conspired together on how to restrict Plaintiff's access to the courts and deprive her of her license to practice law under the auspices of attorney discipline and other proceedings before the Supreme Court of Colorado.  .

Complaint final.docx

150.    Defendants' purpose in conspiring was to deprive Plaintiff of her equal protection, property, and privileges under federal and Colorado state laws.

151.    This conspiracy was furthered by Defendants' concerted acts and omissions over three years of ex parte communications amongst Defendants Vos, Yates, Large, and Boatright, Defendant Vos' interference with Plaintiff's access to the electronic filing system after September 22, 2022, Defendant Large's refusal to deliver the hearing audio to a state-approved transcriber for timely inclusion in the record on appeal, and Defendant Boatright's refusal to apply the procedural rules and fundamental principles of law equally to Plaintiff, and his disregard for the truth in denying Plaintiff's access to the courts in Colorado.

152.    This conspiracy was furthered in the fact that Defendants did not allow reasonable modifications or accommodations for Plaintiff to access the courts after September 2022.

153.    As a result of the Defendants' actions, Plaintiff suffered egregious injuries and damages from losing her license to practice law, her appellate rights, and her access to the courts, and all meaningful opportunities to obtain legal representation,

## XVI. COUNT TWELVE:    Violations of Plaintiff's Right of Access to the Courts contained in the Privileges and Immunities Clause, and the First, Fifth, Sixth, and Fourteenth Amendments of the Constitution

154.    The Colorado Supreme Court issued a Rule to Show Cause why Plaintiff should not be enjoined from representing herself in all present and future legal actions in state court, without regard to whether she is a plaintiff or defendant, criminal or civil claims, in all levels of

the state judiciary, small claims, trial court, or appellate level.  The issue is fully briefed and has been under consideration by the Court since September 2023.

155.    Plaintiff has never been prohibited by any court from representing herself.

156.    Plaintiff has never been found to have brought repetitive cases, or for violating rules of civil procedure for bringing claims.

157.    The mere consideration of this issue has already infringed upon Plaintiff's legal rights because she does not have the funds to hire an attorney, and the action of the Supreme Court has had the effect of causing plaintiff to forego her legal rights entirely.

## XVII. COUNT THIRTEEN: Violations by the State Defendants of Plaintiff's Fourteenth Amendment Rights of Freedom of Speech, Freedom of Association, and the Right to Petition for the Redress of Grievances

158.    Any form of official retaliation for exercising Plaintiff's freedoms guaranteed by the First Amendment, including prosecution, threatened prosecution, bad faith investigation, and legal harassment constitutes a violation of the First Amendment.

159.    The Defendants' past and ongoing retaliatory and punitive conduct toward Plaintiff was and is substantially motivated by her constitutionally protected activity. Defendants' conduct has caused and continues to threaten injuries to Plaintiff's that would chill a person of ordinary firmness from continuing to engage in Plaintiff's constitutionally protected conduct.

160.    Based upon the foregoing allegations and assertions, Defendants investigated Plaintiff to punish her for exercising her First Amendment free speech right for the purpose of informing the courts of the illegal actions of Bohn and the Atrium HOA, to petition for the

redress of grievances, to associate for the purpose of expressive advocacy, and to discourage her and those who would associate with her from exercising their right to associate, to petition for redress of grievances, and to speak freely and publicly about the need for reform of aspects of the attorney regulation and HOA laws.

161.    Plaintiff's First Amendment rights have been violated by the action of Defendants to investigate and prosecute her because of Defendants' bad faith and retaliatory actions and because Defendants have barred Plaintiff from asserting any legal rights in the administrative, appellate, and small claims courts, and have infringed her right not to be punished for exercising federal constitutional rights to engage in free speech, free association, and petitioning the government for redress of grievances.

162.    Plaintiff is entitled to prospective injunctive relief from federal constitutional violations by federal officials.

163.    Plaintiff is entitled to declaratory relief under 28 U.S.C. § 2201.

## XV. DEMAND

WHEREFORE, Plaintiff, Jane Roe, respectfully prays that this Court:

A. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

B. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

Complaint final.docx

C. Enjoin Defendant from continuing discriminatory practices and policies, and require Defendants to vacate and undo the orders and decisions dated February 20, 2024, and March 3, 2023;

D. Award Plaintiff actual damages in an amount to be determined at trial, including but not limited to compensation for emotional distress, lost wages, lost legal claims and rights, and damage to personal and professional reputation;

E. Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, punitive, and other damages available under the law;

F. Mandate changes in policies to ensure compliance with the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Civil Rights Act, and other applicable federal and state laws, ensuring equal access and non-discrimination in judicial and administrative proceedings;

G. Award Plaintiff attorney fees, with the appropriate multiplier, plus costs and expenses of litigation;

H. Award such other and further relief in favor of Plaintiff and against Defendants as the Court deems just and proper under the facts and circumstances alleged herein.

## JURY DEMAND:

Plaintiff hereby demands trial by jury on all claims so triable.

Respectfully submitted,

/s/ Jane Roe
Jane Roe, Plaintiff

Complaint final.docx

Date: November 22, 2024