IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03400-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

JANE ROE,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado,
BRIAN BOATRIGHT, individually and in his official capacity as Chief Judge of the
    Colorado Supreme Court,
BRYON LARGE, individually and in his official capacity as Presiding Disciplinary Judge
    of the Colorado Supreme Court,
JESSICA YATES, individually and in her official capacity as Attorney Regulation
    Counsel of the Colorado Supreme Court,
JACOB VOS, individually and in his official capacity as Assistant Regulation Counsel of
    the Colorado Supreme Court,
RHONDA WHITE MITCHELL, individually and in her official capacity as Senior
    Assistant Regulation Counsel of the Colorado Supreme Court, and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado
    Supreme Court,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff Jane Roe provides a mailing address in Pinedale, Wyoming. On December 6, 2024, she initiated this action by filing *pro se* a "Complaint for Damages

1

and Equitable Relief for Violations of Federal and State Discrimination Laws, Privacy Rights, Civil Rights, and Due Process and Jury Demand." (ECF No. 1)[1].

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the submitted document is deficient as described in this Order. Plaintiff will be directed to cure the following if she wishes to pursue any claims in this action. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  xx      is not submitted: Plaintiff must use the Court-approved Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)
(2)  __      is missing affidavit
(3)  __      is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __      is missing certificate showing current balance in prison account
(5)  __      is missing required financial information
(6)  __      is missing authorization to calculate and disburse filing fee payments
(7)  __      is missing an original signature
(8)  __      is not on proper form
(9)  __      names in caption do not match names in caption of complaint, petition or habeas application
(10) xx     other: In the alternative, Plaintiff may pay the $405.00 filing and administrative fees in advance.

**Complaint, Petition or Application**:
(11) __      is not submitted
(12) xx      is not on proper form: Plaintiff must use the current Court-approved Complaint form
(13) __      is missing an original signature
(14) __      is missing page nos.
(15) __      uses et al. instead of listing all parties in caption
(16) __      names in caption do not match names in text
(17) __      addresses must be provided for all defendants/respondents

---

[1] "(ECF No. 1)" identifies the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This manner of identifying a document on the electronic docket is used throughout this order.

(18) <u>xx</u>    <u>other: as discussed below, Plaintiff must seek permission from the Court to proceed using a pseudonym.</u>

Under Fed. R. Civ. P. 17(a), "[e]very action shall be prosecuted in the name of the real party in interest." According to the Tenth Circuit Court of Appeals, the "use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed. R. Civ. P. 10(a) which requires the names of all parties to appear in the complaint." *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). In fact, a case filed using a pseudonym in place of a party's true name can be dismissed for failure to comply with Fed. R. Civ. P. 10(a), absent permission from the Court to proceed anonymously. *See, e.g., M.M. v. Zavaras*, 139 F.3d 798, 803-04 (10th Cir. 1998) (affirming trial court's dismissal). However, "the Supreme Court has given the practice implicit recognition in the abortion cases . . . with minimal discussion." *Lindsey*, 592 F.2d at 1125. Moreover, the Tenth Circuit has stated that "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). However, "[t]he risk that a plaintiff may suffer some embarrassment is not enough." *Id.* Most of the cases that have allowed the use of pseudonyms "have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children." *Lindsey*, 592 F.2d at 1125. Therefore, "identifying a plaintiff only by a pseudonym is an unusual procedure, to

be allowed only where there is an important privacy interest to be recognized. It is subject to a decision by the judge as to the need for the cloak of anonymity." *Id*. If Plaintiff wishes to proceed using a pseudonym, she must seek permission of the Court and demonstrate that she has an important privacy interest that should allow her to use this unusual procedure.

Plaintiff is informed that she may choose to contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current Court-approved Complaint form and Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) form, available with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff wishes to proceed using a pseudonym, she must seek permission from the Court. It is

FURTHER ORDERED that, if Plaintiff fails to cure all of the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED December 9, 2024.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge