FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:12 am, Jan 03, 2025
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. <u>24-cv-03400-RTG</u>

JANE ROE,

      Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as Chief Judge of the Colorado Supreme Court;
BRYON LARGE, individually, and in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado Supreme Court,

      Defendant(s).

---

## PLAINTIFF'S MOTION FOR LEAVE TO RESTRICT ACCESS PURSUANT TO D.C.COLO.LCivR 7.2

---

      Plaintiff, Jane Roe, pro se and pursuant to D.C.COLO.LCivR 7.2 and the Court's

December 4, 2025 Order, hereby seeks authorization to file a Notice of Identity of the Plaintiff,

the Corrected Complaint and Jury Demand on the form required by the Court, and a Motion for

Court-appointed counsel as a pseudonymous Plaintiff, restricting access to the true identity of

Plaintiff to the Court and parties (including their respective counsel of record and court-appointed counsel). Plaintiff requests a Level 1 restriction. Plaintiff requests that the anonymity of the Plaintiff apply to all further proceedings in this case. The Plaintiff's identity should not be made publicly available due to the highly personal and confidential nature of the allegations in the Complaint and Jury Demand. A copy of the Notice of Plaintiff's Identity is attached as **Exhibit A**. Plaintiff is justifiably concerned about acts of reprisal that could further damage her personal and professional reputation and future endeavors and inflict additional and severe financial and/or mental harm. Plaintiff's identity, as described in the Complaint and Jury Demand, should not be made available to the general public due to the highly personal and confidential nature of the allegations in said Complaint, and the fact that the Colorado Supreme Court does not make disability and disciplinary cases available to the public without restrictions. Plaintiff further informs the Court that she anticipates moving for a Protective Order later, requesting that Defendants be prohibited from disclosing Plaintiff's true identity and preserving the confidentiality of information and discovery consistent with the Colorado Supreme Court's existing protections.

## CERTIFICATION OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), because Plaintiff is pro se, the conferral requirement does not apply to this motion. In addition, because the complaint has not been served, representatives of the Defendants have not been identified, and therefore conferral is not possible.

## STATEMENT OF FACTS

Plaintiff incorporates the allegations of fact contained in the Complaint and Jury Demand, as if fully set forth herein.

## ARGUMENT

The Court's order notes that "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). There are no rules or statutes which allow parties to proceed under a fictitious name. To the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed. R. Civ. P. 10(a), and Rule 17(a) specifically states that "[e]very action shall be prosecuted in the name of the real party in interest." *Id*. (quoting Fed. R. Civ. P. 17(a)). It is within the district court's discretion to determine whether a plaintiff should be permitted to proceed under a pseudonym. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998).

The Tenth Circuit recognized that there may be "exceptional circumstances" in which a party may be allowed to proceed anonymously. *Id.* These "exceptional circumstances" typically involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id*. (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Both the injury litigated against and whether the revelation of plaintiff's identity may itself visit that very injury are pertinent. *Id.* Each of these factors weighs heavily in favor of allowing Plaintiff to proceed under a pseudonym.

Here, Plaintiff submits that this standard is met because the Colorado Supreme Court has already determined that the privacy interests of Plaintiff outweigh the public interest in this case. Specifically, in Colorado, proceedings related to placing an attorney on disability inactive status are considered suppressed and confidential, meaning most details of the case are not publicly accessible, except for the final order transferring the attorney to disability inactive status. *See* C.R.C.P. 243.6(e), 243.7(h); and C.R.C.P. 243.10(g). *See also* CJD 5-01.

In general, under C.R.C.P. 242.41, all records concerning disciplinary cases are available to the public after a formal disciplinary complaint is filed. Relevant to this action, the following records, however, are sealed or suppressed: (1) Matters subject to a protective order; (2) Work product of the PDJ or hearing boards. However, "available to the public" does not mean the same thing as it does in a federal court case. Unlike the documents and information filed in federal court cases, the records in a disciplinary case are not available to the public through the Internet. Rather, they are only available by making a specific request by email or telephone to the Office of the Presiding Disciplinary Judge, and by paying in advance the applicable fees for copies pursuant to CJD 6-01. *See* https://coloradopdj.com/decisions-records, accessed January 2, 2025. Thus, the Colorado Supreme Court has already decided that the information relevant to this action, including the Plaintiff's identity, are not publicly available as they would be if Plaintiff is not permitted to proceed anonymously in this case, with her true identity revealed to the parties and the court under Level 1 restriction. In addition, since the advent of the internet and various organizations that publish federal court cases and make them readily discoverable through search engines and multiple on-line publications and newsletters, public access to court cases has materially increased over the past twenty years. Now, court cases can be found by a

simple search of a person's name, or without searching at all.  By contrast, for more than two centuries before the last twenty years, a person had to go to a courthouse to specifically search for cases associated with a particular individual, and search by hand through court records.  Granting this Level 1 restriction should be viewed as a restoration of the degree of public access to court cases that existed before the recent advent of the Internet.  It is therefore consistent with the technological context of the cases decided on this issue before 2005 to grant this Motion and to permit Plaintiff to proceed under a pseudonym.

Thus, the "Erie Doctrine" and the Supremacy Clause require this Court to permit Plaintiff to proceed under a pseudonym because that is the only way to preserve and maintain the Colorado State Supreme Court's orders, rules, and procedures that make the disciplinary and disability cases unavailable to the general public.

The Supremacy Clause (Article VI, Clause 2 of the U.S. Constitution) ensures that federal law takes precedence over conflicting state law. However, in the absence of a conflicting federal law or constitutional provision, federal courts must defer to the authoritative rulings of the highest court of the state on state law matters.  This respect for state court decisions maintains federalism and ensures consistency in the interpretation of state law across jurisdictions.

Similarly, under the "Erie Doctrine", which arises from the landmark case *Erie Railroad Co v. Tompkins*, 304 U.S. 64 (1938), when a Federal District Court is exercising jurisdiction based on diversity of citizenship or state law claims, it is required to apply state substantive law, including state Supreme Court decisions, as authoritative on issues of state law.

Here, this case is brought under federal law with some pendent and ancillary state law claims. As the court observed in its order, there is no federal law that prohibits plaintiff from proceeding under a pseudonym where, as here, the State Supreme Court has ordered the underlying facts of disciplinary and disability cases to remain out of the public view. Although the decision rendered by the Presiding Disciplinary Judge on the disciplinary proceedings is available to the public, the particulars at issue in this case go beyond the specifics of the opinion and order and are not accessible to the general public in the Colorado Supreme Court disciplinary case in the same way they would be if they were public in this case. Therefore, they should not be available to the public in this action.

In addition, denying the instant motion for leave to restrict Plaintiff's identity will have the effect of overturning the Colorado State Supreme Court's orders in the disability case that suppress and make confidential all of the facts and proceedings in that case.   The only way to give effect to the state Supreme Court determinations is to allow the plaintiff to proceed under a pseudonym, with disclosure of the plaintiff's true name made only to the parties and the Court, but not available to the public.

Ultimately, the test for permitting a plaintiff to proceed anonymously is whether a plaintiff has a substantial privacy right that outweighs the presumption of openness in judicial proceedings. *Doe v. Heitler*, 26 P.3d 539, 541 (Colo. App. 2001); *see also Does 1-11 v. Bd. of Regents of Univ. of Colorado*, No. 21-CV-2637, 2022 WL 43897 at *3-4 (D. Colo. Jan. 5, 2022). As set forth above, the Colorado Supreme Court has already decided that she does.

Plaintiff should also be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation. Plaintiff does not merely contend that the

6

revelation of her name would result in additional embarrassment and public humiliation. Instead, Plaintiff notes the highly sensitive nature and privacy issues that are involved in the claims raised in this action, especially with respect to Plaintiff's disability. Plaintiffs alleging similar claims against state actors have been permitted to proceed anonymously. *See*, *e.g.*, *Doe v. Genesis HealthCare*, 535 F. Supp. 3d 335, 337 (E.D. Pa. 2021)(Plaintiff permitted to proceed under pseudonym in discrimination action).

Moreover, Plaintiff should be allowed to proceed anonymously in this matter as the revelation of her identity would result in significant harm to Plaintiff, the exact type of harm she seeks to remedy by the commencement of this lawsuit, as it is more than likely Defendants will repeat and reiterate the very statements that give rise to some of the claims in this case, in defense of their original statements. Making such court filings available to the public with repetition of Plaintiff's name in the filings exacerbates the harm Plaintiff seeks to redress.

Thus, Plaintiff should be permitted to proceed anonymously as requiring her to reveal her identity would result in significant harm to Plaintiff, including the exact damages she seeks to remedy in this matter, namely, physical, psychological, emotional and reputational damages, economic injuries, and the loss of educational and career opportunities.

Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are fully aware of the identity of Plaintiff so there is no harm or prejudice to the Defendants by keeping the plaintiff's identity out

of the public purview. Defendants will have an unobstructed opportunity to conduct discovery, present defenses, and litigate this matter regardless of whether Plaintiff is identified or proceeds anonymously. *See*, *e.g.*, *id.*

Therefore, Plaintiff should be permitted to proceed in this action anonymously because revealing her name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

Plaintiff should also be permitted to proceed in this action anonymously because the public does not have a strong interest in knowing her identity. Considering the purely legal nature of the claims presented, there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as her challenges to the Defendants' unfair and biased investigatory process, hearing, and appeal concern a larger association than the interest of an individual plaintiff. Indeed, it affects the entire population of attorneys and disabled or unrepresented persons in Colorado. *See Doe No. 2*, 242 F.R.D. at 195.

Plaintiff should be permitted to proceed using a pseudonym because this matter seeks to remedy exactly the kind of reputational harm that the revelation of her identity would exacerbate. Plaintiff's prevailing in this litigation would be undermined if she were required to reveal her identity, allowing the public, through simple online searching, to associate her with these egregious and unfounded lies of sexual misconduct, further damaging her future educational and career endeavors, the very harms she seeks to remedy in this action.

Thus, there is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceeding sufficient to

outweigh Roe's right to privacy, which right has already been determined by the Colorado Supreme Court. The public's knowledge will only be minimally restricted, as they still know what is alleged to have occurred that resulted in the claims in this case, and how Defendants investigated and adjudicated those charges.

Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. Accordingly, there is no strong public interest in knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much greater population of potential plaintiffs. The interests of Defendants and the public will bear no harm by not revealing Jane Roe's true identity.

Because proceeding anonymously will protect Plaintiff from significant prejudice without hindering Defendants or a legitimate public interest, this Court should grant Plaintiff's request to proceed using a pseudonym.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff Jane Roe requests that her Motion to Restrict Access Pursuant to D.C.COLO.LCivR 7.2 be granted, and that the Court order a Level 1 Restriction on all filings pertaining to this case, including the forthcoming Corrected Complaint and Summons.

Respectfully submitted,

/s/ Jane Roe
Jane Roe, Plaintiff

Date: Thursday, January 2, 2025