Attachment to Corrected Complaint 24-cv-3400

D. STATEMENT OF CLAIMS

**STATEMENT OF FACTS SUPPORTING CLAIMS**

1.   Defendants Yates, Vos, and White-Mitchell are collectively referred to as the "OARC Defendants."

2.   Defendants Boatright, Large, and Stevens are collectively referred to as the "Supreme Court Defendants."

3.    Defendant the Colorado Judicial Department, the OARC Defendants, and the Supreme Court Defendants are collectively referred to as the "Defendants."

4.   At all times relevant to this action, Defendant Boatright acted under color of state law, because he had the authority to implement and enforce the administrative procedures and policies of the Judiciary, the Colorado Rules of Civil Procedure, Chief Justice Directives, and all aspects of access to the Courts in Colorado by a disabled attorney and unrepresented party, including filing papers with the court and access to the court files in which she is or was a party.

5.   Defendant Boatright directly or indirectly precluded Plaintiff from filing documents in her appellate and district court civil cases electronically after September 2022 and denied plaintiff equal access to the register of actions and documents filed in cases in which she was a party.

6.   Defendants Boatright and the Judiciary also directly or indirectly refused to deliver copies of orders filed in the cases in which Plaintiff was a party at the same time such orders were delivered to opposing parties who were represented by counsel.  By delivering orders to

represented parties several days before they were delivered to Plaintiff, Defendant Boatright and the Judiciary engaged in ex parte communications with represented parties to the disadvantage of Plaintiff. In most instances, copies of orders and other filings in Plaintiff's cases were not actually delivered before the deadlines to respond or reply had expired.

7.    Defendants Boatright and the Judiciary denied Plaintiff due process, equal protection of the laws, and equal access to the Judiciary by their actions which included not giving Plaintiff the same amount of time to respond or reply to a motion or order as represented parties and attorneys who were not disabled. The Office of Attorney Regulation Counsel (OARC) is a division of the Colorado State Supreme Court responsible for enforcing the rules of professional conduct for attorneys in the State of Colorado.

8.    At all times relevant to this action, Defendant Large acted under color of state law because he supervises and directs the administration of attorney disciplinary and disability cases and procedures in this office within the Supreme Court of Colorado. Defendant Large maintained and unwritten policy and practice of using a court reporter who is not contracted with the Judiciary or the State of Colorado for hearings and transcription, without notice to the parties.

9.    At all times relevant to this Complaint, the court reporter selected by Defendant Large to record and transcribe hearings and other proceedings in Plaintiff's cases was Javernick & Stenstrom, LLC ("Javernick"). Javernick charged Plaintiff rates that were more than twice the rates approved by the Judiciary. Defendant Large refused to allow proceedings to be transcribed or recorded by a stenographer who was authorized by the Judiciary to keep or transcribe the official record of proceedings held in courts within the Judiciary.

10. On information and belief Defendants Large, Boatright, Vos, and/or Yates received a personal benefit or compensation for using Javernick to transcribe or record depositions and hearings, including those held in Plaintiff's cases.

11. At all times relevant to this action, Defendant Vos acted under color of state law because he used his authority as an attorney with OARC and the Judiciary to single out Plaintiff by directly contacting the technical administrative staff of the E-Filing system to have them block Plaintiff's access to the E-Filing system for all purposes, including blocking Plaintiff from filing papers with the Court and/ or from viewing the court register of actions and filings in pending actions in which she was a party.

12. On information and belief, at all times relevant to this action, Defendant Vos's direct actions were because of Plaintiff's disability. Defendant Vos perceived Plaintiff as disabled and discriminated against her because of her disability, gender, age, and marital status.

13. On information and belief, Defendant Vos has not directly taken the same or substantially similar actions to block any other attorney from accessing the E-filing System.

14. On information and belief, Defendant Vos received a personal benefit or compensation directly or indirectly from Michael Bohn and/or Miles Buckingham in exchange for his actions.

15. On information and belief, Defendant Vos had communications with Defendant Large, Defendant Boatright, or one or more of the other Supreme Court Justices about Plaintiff without including Plaintiff simultaneously in those communications.

16. At all times relevant to this action, Defendant Yates acted under color of state law, because she abused the authority of her position as Attorney Regulation Counsel to single out and discriminate against Plaintiff in all aspects of Defendant Yates' authority, including in the

decision to initiate disability and disciplinary actions against Plaintiff, and in the decision to not

initiate investigations or actions against any attorney whose conduct Plaintiff raised with

Defendant Yates' office. Defendant Yates, individually and in her official capacity, did not

apply the Rules of Professional Conduct

17. Defendant Yates, as Attorney Regulation Counsel, was appointed by the Colorado

Supreme Court to assist the Court in regulating all aspects of the practice of law in Colorado.

Attorney Regulation Counsel maintains and oversees several permanent offices, including the

Office of Admissions, the Office of Attorney Registration and Continuing Legal and Judicial

Education, and the Office of Attorney Regulation Counsel. Within these offices, Attorney

Regulation Counsel handles attorney admissions, attorney registration, mandatory continuing

legal and judicial education, proactive educational programs and services, attorney discipline and

diversion, regulation of administrative law judges, magistrates, and municipal court judges;

administration of the Attorneys' Fund for Client Protection; regulation of the unauthorized

practice of law; outreach; and inventory counsel matters.

18. At all times relevant to this action, Defendant Mitchell acted under color of state law

because her employment as Senior Assistant Regulation Counsel put her in charge of making

initial determinations whether to investigate or dismiss a complaint brought against an attorney.

For some unknown reason, Defendant Yates assigned Defendant Mitchell as the intake person

for all complaints brought by Plaintiff. None of the complaints brought by Plaintiff were

investigated. Instead, Defendant Mitchell dismissed all of them, including the complaints

brought against Lee Freedman for defrauding a title company; against Michael Bohn, for

defrauding the courts; and against David Lichtenstein, for violating the attorney client privilege,

not following a client's requests to go to trial, and stealing client funds.   Defendant Mitchell

automatically discounted the issues and facts raised by Plaintiff because of Plaintiff's perceived

disability, age, gender, and marital status.

19. On information and belief, at all times relevant to this action, no other assistant regulation

counsel was assigned to handle all complaints brought by a particular attorney.  This is one

example of how Plaintiff was singled out and discriminated against by Defendants Mitchell and

Yates.

20. At all times relevant to this action, Defendant Stevens acted under color of state law

because as Clerk of the Supreme Court, Defendant Stevens abused her authority as gatekeeper to

the Supreme Court file access by selectively permitting Plaintiff to send documents for filing in

cases in which she was a party by email, requiring Plaintiff to pay for paper or electronic copies

of documents filed in Plaintiff's case when no service copy was received, and by requiring

Plaintiff to file paper copies of documents with the court even though the Supreme Court was, as

Ms. Stevens stated in writing in the fall of 2024, "an electronic court that does not maintain

paper files."

21. In addition, at all times relevant to this action, Defendant Stevens refused to allow

Plaintiff to review the electronic file of any case in which Plaintiff was a party without paying

for access, even though the official files of the Court are all electronic.

22. At all times relevant to this action, Defendant Stevens treated Plaintiff differently and

discriminated against Plaintiff because of her disability, gender, age, and marital status.

23. At all times relevant to this Complaint, OARC had a policy or practice of dismissing or not investigating grievances brought against an attorney by opposing counsel in pending litigation.

24. At all times relevant to this Complaint, OARC had a policy or practice of not investigating grievances brought against an attorney that involved civil claims that could be brought in court.

25.  Between 2000 and 2022, OARC filed one petition to transfer an attorney to disability inactive status where the subject attorney contested the Petition—the one against Plaintiff.

26.   Plaintiff contested the Petition filed by Jacob Vos with Defendant Large in 2022.

27. The filing of the Petition for disability inactive status is evidence that the OARC Defendants believed and perceived Plaintiff was disabled, because C.R.C.P 243 requires OARC to hold such a belief before filing such a Petition.

28. The official actions and beliefs of the OARC Defendants are imputed to the remaining Defendants.

29. At all times relevant to this Complaint, petitions filed with Defendant Large to transfer an attorney to disability inactive status were confidential, and the files were suppressed or sealed.

30. At all times relevant to this Complaint, for each Petition to transfer an attorney to disability inactive status filed with Defendant Large, the respondents' names, filing dates, whether the petition was contested, and the disposition of petitions to transfer an attorney to disability inactive status are not available to the public.

31.   At all times relevant to this complaint, OARC had a policy or practice of not filing a Petition to transfer an attorney to disability inactive status unless the responding party agreed to

the petition, or the OARC has determined by clear and convincing evidence that the responding

party is disabled.

32.  Defendant Large hired a stenographer who was not contracted with the State of Colorado

or the Office of the Presiding Disciplinary Judge as the custodian of the official record in the

hearings in Plaintiff's disability and disciplinary cases.  The stenographer charged a transcription

rate of more than $6 per page.  The contracted rate for stenographers authorized to transcribe

proceedings in the Colorado Courts was approximately $3.50 per page.

33. Defendant Large did not notify the parties that he had hired a stenographer for the

proceedings in Plaintiff's cases.

34. Defendant Large did not enter any orders in Plaintiff's cases authorizing the freelance

stenographer to make or keep the official record of the proceedings.

35. Between May 2022 and February 2023, there was no policy, practice, contract, statute,

order, or other provision of law that required the stenographer to maintain the confidentiality of

the proceedings in Plaintiff's disability case.

36. Defendants Vos and Yates requested that Plaintiff be required to pay the costs of the

meals, parking, and hotel accommodations for the hearing board members in connection with

Plaintiff's disciplinary case.  The receipts submitted with the request show that Defendant Large

directly or indirectly submitted the costs to Defendant Yates for approval while the hearing was

in progress.

37. The reimbursement request also included the costs for lunches for five people, two of

whom were not identified.

38. On information and belief, the OARC Defendants had lunch with Defendant Large on certain days when the hearing in Plaintiff's disciplinary case was in progress.

39. On information and belief, the OARC Defendants communicated with Defendant Large outside the presence of Plaintiff's counsel, before, during, and after the disciplinary hearing in Plaintiff's case before the decision was rendered on March 3, 2023.

40. From 2020 through today, Plaintiff's disciplinary case was the only case prosecuted by OARC and Defendant Large that involved an attorney representing his or herself in a court action.

41. From 2020 through today, Plaintiff's disciplinary case was the only case prosecuted by OARC and Defendant Large that did not involve misconduct towards a client and the OARC sought disbarment.

42.  From 2020 through today, Plaintiff's disciplinary case was the only case prosecuted by OARC and Defendant Large where the responding attorney had been determined to be disabled after a contested evidentiary hearing.

43. The evidentiary hearing in Plaintiff's disability case was held on December 8, 2022 and Defendant Large entered its order determining Plaintiff was disabled on December 12, 2023. This Order was entered orally from the bench via videoconference and was not reduced to writing.

44. Plaintiff later found out that the Javernick was on the videoconference and recorded the oral ruling on December 12, 2023.  When Plaintiff requested to get a transcript of the hearing, Defendant Large refused to transmit the audio to a court approved stenographer and refused to require the stenographer to charge no more than the state approved per page rate.

24-cv-3400 Complaint Section D

45. In addition, Defendant Large refused to reduce the Order to writing.  His refusal to do so was intended to interfere with Plaintiff's legal rights and right to appeal because he knew Plaintiff could not afford to obtain the transcript at the rates charged by Javernick, and he knew that without the transcript, the record on appeal would be incomplete.

46. On information and belief, Defendant Large received undisclosed and unauthorized personal benefits or compensation because of his arrangement with the stenographer.

47. Defendant Large's decision to require Plaintiff to pay all costs requested by the OARC Defendants was made in retaliation for Plaintiff's attempts to assert and exercise her constitutionally protected legal rights.

48. On information and belief, Defendant Large intentionally interfered with Plaintiff's legal rights including her right to appeal.

49. Defendant Large abused his authority as Presiding Disciplinary Judge when he determined that Plaintiff was disabled, even though the Court-ordered IME was inconclusive.

50. Plaintiff's hearing in the disciplinary case commenced on January 3, 2023.

51. According to the Colo. Const. art. VI, § 5, the chief justice of the Supreme Court is the executive head of the judicial system.  The chief justice of the Colorado Supreme Court is empowered to delegate his or her administrative powers to the chief judges of the judicial districts.

52. At all times relevant to this Complaint, Defendant Boatright was the Chief Justice of the Supreme Court.

53. The Chief Justice of the Supreme Court implements his administrative authority by means of Chief Justice Directives, under the Supreme Court's general superintending power over the court system.

54. Defendant Boatright issued a Chief Justice Directive that states the policy of the Colorado Courts to only use authorized stenographers as court reporters and transcribers. Authorized stenographers are contracted with the State of Colorado to provide reporting and transcription services.

55. At all times relevant to this Complaint, the Judiciary had a policy and practice that permitted only authorized stenographers to transcribe or create the official record of court proceedings, including at hearings and trials.

56. Included in Defendant Boatright's administrative duties was the authority to decide whether disabled attorneys and unrepresented parties are allowed to use the electronic filing system described in C.R.C.P. 121 Section 1-26 ("E-filing")  to file papers with the Colorado Courts, including in civil cases pending in the state District Courts, and appeals pending before the Colorado Court of Appeals and the Colorado Supreme Court.

57. At all times relevant to this complaint and through today, Rule 121 Section 1-26 §3(b) provides: "Where the system and necessary equipment are in place to permit it, pro se parties and government entities and agencies may register to use the E-System." *Rule 121 - Local Rules-Statewide Practice Standards*, C.R.C.P. 121.

58. At all times relevant to this Complaint and through today, pro se parties are permitted to use the E-filing system for domestic relations (DR) cases and eviction cases.

59. Plaintiff raised the problem of ex parte communications and lack of equal access caused by the lack of e-filing access for unrepresented parties and disabled attorneys to the courts in multiple papers filed with the courts in 2022 and 2023. The Courts did not respond to these issues.

60. In the fall of 2023, Plaintiff attended a public meeting of the Colorado Judicial Initiative in Grand Junction and raised these issues in a question to (now Chief) Justice Monica Marquez. In response to Plaintiff's question, Justice Marquez said, in sum and substance, that e-filing would not be expanded to other pro se users or to disabled attorneys at any known time in the future.

61. At all times relevant to this Complaint, disabled attorneys and unrepresented parties were not allowed to use the electronic filing system to access the civil cases and appeals in which they were parties, or to file papers with the court by any electronic means.

62. At all times relevant to this Complaint, unrepresented parties, including disabled attorneys, in a district court or appellate case were served by mail with papers filed with the court.

63. In 2011, C.R.C.P 6(e) was repealed, which removed the provision allowing three extra days in the calculation of deadlines under the rules if the papers were served by mail. Rule 6 was further amended and reviewed by the Colorado Supreme Court in 2019 and 2021, while Defendant Boatright was Chief Justice.

64. At all times relevant to this Complaint, C.R.C.P. 5(d) required a certificate of service confirming service on a party before papers were filed with the court: "**(d) Filing Certificate of Service.** All papers after the initial pleading required to be served upon a party, together with a

certificate of service, must be filed with the court within a reasonable time after service." *Rule 5*

*- Service and Filing of Pleadings and Other Papers*, C.R.C.P. 5

65. At all times relevant to this Complaint, the Colorado Court of Appeals allowed certain

motions of a certain length to be transmitted by fax to the clerk of the court of appeals for filing

in a pending appeal.

66. The Clerks' offices for the Colorado Supreme Court and the Court of Appeals are located

on the same floor in the same building and are not separated from each other by any walls or

doors.

67. The applicable procedure for a determination of disability inactive status is defined in

Rule 243.6(a):

**(a) Procedure and Determination.**

(1) *Petition Filed by Regulation Counsel.*

(A) Petition. If the Regulation Counsel has reason to believe that a lawyer is disabled, the
Regulation Counsel may file a petition with the Presiding Disciplinary Judge alleging that the
lawyer is disabled and requesting an order requiring the lawyer to undergo an independent
medical examination or an order transferring the lawyer to disability inactive status. The
Regulation Counsel must promptly serve on the lawyer a copy of the petition and file with
the Presiding Disciplinary Judge proof of service.

(B) Show Cause Order. Unless the Regulation Counsel files an affidavit setting forth facts
that clearly and convincingly show the lawyer is unable to respond, the Presiding
Disciplinary Judge must afford the lawyer an opportunity to show cause in writing why the
requested relief should not be granted.

(C) Determination. After considering the lawyer's response, the Presiding Disciplinary Judge
may issue appropriate orders, such as ordering an independent medical examination of the
lawyer by a qualified examiner designated by the Presiding Disciplinary Judge. If the
Presiding Disciplinary Judge finds clear and convincing evidence that the lawyer is disabled,
the Presiding Disciplinary Judge will transfer the lawyer to disability inactive status.

*C.R.C.P. 243.6*

68.  At all times relevant to this Complaint, Rule 243 of the Colorado Rules of Civil

Procedure defines the procedure and standards for a proceeding to transfer an attorney to

disability inactive status.

69. Plaintiff's attorney license to practice law in the state of Colorado is "property" within

the meaning of term under the United States of America and Colorado State Constitutions.

70. At all times relevant to this Complaint, Rule 243.4 established the standard to transfer an

attorney to disability inactive status:

> **Rule 243.4. Standard and Effect**
> **(a) Standard.** A lawyer is disabled under this rule and may be transferred to disability
> inactive status if the lawyer is unable to competently fulfill professional responsibilities as a
> result of a physical or behavioral health condition or disorder, including a mental, cognitive,
> emotional, substance use, or addictive issue.
> **(b) Effect.** While a lawyer is on disability inactive status, the lawyer must not practice law.
> Disability inactive status is not a form of discipline. The pendency of a disability proceeding
> or a lawyer's transfer to disability inactive status does not stay a disciplinary proceeding
> against the lawyer, unless such an order is entered under C.R.C.P. 242.28 (governing alleged
> inability to defend disciplinary proceedings).

*C.R.C.P. 243.4*

71. There are no reported decisions, statutes, committee notes, published cases, Chief Justice

Directives, or citing references that provide additional guidance, interpret, or explain the

standard and procedures described in C.R.C.P. 243 (as amended effective July 1, 2021).

> **Rule 243.3. Immunity**
>
> **(a) Prohibition Against Lawsuit Based on Proceeding Under this Rule.** A lawyer may not
> institute a civil lawsuit against any person based on testimony in a proceeding under this rule
> or other written or oral communications made to relevant entities described in this rule, those
> entities' members or employees, or persons acting on their behalf, including monitors and
> health care professionals.

**(b) Immunity for Entities.** All entities described in this rule and all individuals working or volunteering on behalf of those entities are immune from civil suit for conduct in the course of fulfilling their official duties under this rule.

Adopted May 20, 2021, effective July 1, 2021.

*C.R.C.P. 243.3*

72. On  December 8, 2022, the Defendant Large held an evidentiary hearing, and determined the Plaintiff to be disabled from the practice of law.  Defendant Large's determination was announced on December 12, 2022.

73. Subsequently, in January 2023, Defendant Large convened a hearing.

74. On March 3, 2023, the hearing board issued its decision that Plaintiff should be disbarred from the practice of law.

75. The facts and circumstances underlying the disability decision were substantially the same as those underlying the disciplinary decision and arose out of Plaintiff's self-representation and not to her professional duties to clients.

76. The decision to disbar Plaintiff was based on unlawful discrimination due to disability, age, gender, and marital status.

77. Then, in September 2023, the Supreme Court dismissed Plaintiff's appeal because the transcripts were not delivered on time, after Defendant Large refused to send the audio recordings to a state-approved transcriber.

78. Then, in February 2024, the Supreme Court issued a decision barring Plaintiff from representing herself in any action in any state court in Colorado.  This opinion falsely concluded that plaintiff had filed multiple actions since being disbarred, and falsely asserted that the moving parties had any standing to bring the action.   This opinion departs so far from

established principles of the application and interpretation of the law that it is only explained as discrimination and a violation of Plaintiff's constitutional rights.

79. These discriminatory actions resulted from concerted action taken by three parts of the Supreme Court of the state of Colorado: The Office of Attorney Regulation (OARC); the Office of the Presiding Disciplinary Judge (PDJ), and the administrative acts and omissions of the justices and clerk of court of the Supreme Court itself (SCT).

80. These actions are unprecedented and stand in stark contrast to the lack of discipline and restrictions imposed against white male attorneys who are not disabled, even when they committed offenses that directly harmed clients and the public, including those who admitted to or were convicted of crimes.

81. Defendant Large further interfered with Plaintiff's appellate rights by refusing to send the audio for transcription to a state-approved transcriber, resulting in the transcripts not being produced in time to be included as part of the record on appeal.

82. Defendant Large wrongfully imposed excessive costs against Plaintiff and violated her privacy rights by allowing access to the disability proceedings to an unauthorized court reporter without any contract or agreement to maintain court-ordered confidentiality, and without notice or approval by Plaintiff.

83. Defendant Large denied Plaintiff's request for state-paid transcripts, further impeding her ability to obtain the transcripts. When the transcripts were eventually produced, Defendant Large's office refused to provide them to the Supreme Court of Colorado as part of the record on appeal.

84. The Supreme Court of Colorado refused to allow Plaintiff to supplement the record on appeal, struck her opening brief, and dismissed her appeal without considering the merits, based on Plaintiff's disability, age, gender, marital status, and self-representation.

85. The Supreme Court of Colorado has adopted policies that prohibit disabled attorneys and unrepresented parties from using the state's e-filing system, or filing by email or by fax, unlike other courts in the state which allow some electronic filings. Due to residing over 100 miles from the courthouse and being required to file in paper form, these limitations denied Plaintiff equal access to the court and equal protection under the law.

86. The court notified represented parties of orders and actions electronically, but notified Plaintiff by mail, which resulted in ex parte communications with represented parties occurring days before Plaintiff was notified, usually 7 to 10 days before she received a mailed copy. This often resulted in the expiration of Plaintiff's time to respond or reply before she even received notice of the action.

87. On or about October 22, 2022, Jacob Vos, Assistant Regulation Counsel, contacted the e-filing administrative staff to have Plaintiff's access disabled. Jessica Yates was aware of this action and did nothing to rectify it. No other calls were made to disable access for disabled attorneys.

88. Defendant Mitchell chose not to investigate claims brought by Plaintiff against attorneys who committed crimes and caused significant damage to the public and their clients by their actions.

## CLAIM ONE:

### Violation Of Title II of The Americans With Disabilities Act (ADA)

89. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

90. Plaintiff Jane Roe is a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131(2).

91. Defendant, Defendant Large(PDJ) of the Colorado Supreme Court, and associated entities and individuals, are public entities as defined under Title II of the ADA, 42 U.S.C. § 12131(1).

92. Defendants are required under Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulations, to provide qualified individuals with disabilities an equal opportunity to participate in or benefit from their services, programs, or activities.

93. Defendants have discriminated against Plaintiff by denying her the benefits of the services, programs, or activities of the Colorado Supreme Court, because of her disability.

94. Specifically, Defendants refused to accommodate Plaintiff's disability during the disciplinary proceedings and appellate process, which included failing to provide timely and necessary access to transcripts essential for her appeal.

95. Further, Defendants imposed barriers by denying Plaintiff the use of state-contracted transcription services, which are customarily provided to individuals without disabilities under similar circumstances.

96. Defendants also failed to ensure that Plaintiff could access court services on an equal basis with others, by refusing to send audio recordings for transcription to a state-approved

transcriber, thereby delaying the production of transcripts necessary for Plaintiff's appeal,
refusing to accept filings electronically, by email, or by fax, denying Plaintiff equal time to
respond and reply to filings after receipt of notice of same, and delaying the mailing and delivery
of service copies of court orders to Plaintiff by several days after the orders were filed in the
court and delivered to opposing parties who were not perceived by the court to be disabled, and
were male.

97. Additionally, Defendants' policies and actions, including the refusal to allow Plaintiff to
supplement the record on appeal and the striking of her opening brief, were discriminatory
actions that denied Plaintiff equal protection and equal access under the law.

98. Defendants' conduct as described above was a direct violation of Plaintiff's rights under
Title II of the ADA, which prohibits discrimination on the basis of disability in the services,
programs, or activities of a public entity.

99. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and
continues to suffer damages, including emotional distress, humiliation, loss of professional
reputation, and economic losses.

100.      WHEREFORE, Plaintiff demands judgment against Defendants for compensatory
damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and
proper.

## CLAIM TWO: DEFAMATION

101.      Plaintiff incorporates all other paragraphs in this Complaint by reference as
though fully written here.

102.    Defendant Jacob Vos, on or about October 22, 2022, contacted the e-filing administrative staff to have Plaintiff's access disabled, which was an action based on false pretenses.

103.    Defendant Jessica Yates was aware of Jacob Vos's actions to disable Plaintiff's e-filing access and failed to intervene or correct the false narrative, thereby endorsing and further disseminating the defamatory content.

104.    No calls or actions were similarly made to disable access for other attorneys, which falsely implies a unique and unfounded deficiency or misconduct on the part of Plaintiff.

105.    The actions of Defendants Jacob Vos and Jessica Yates in falsely representing Plaintiff's capabilities and status as an attorney were communicated to other members of the legal and administrative staff, thereby publishing the defamatory statements.

106.    Defendant the Supreme Court also defamed Plaintiff in its February 20, 2024 opinion, when it stated that Plaintiff had filed multiple actions since being disbarred or disciplined by the courts, when the court knew there was no evidence to support such a statement, and it was false.

107.    The published statements were false, as Plaintiff's disability does not impede the ability to utilize e-filing systems, nor was there any legitimate basis for singling out Plaintiff for such discriminatory treatment.

108.    The false statements and actions by Defendants were made with malicious intent or at least negligence regarding the truth, as no proper verification or inquiry was made into the necessity or truthfulness of disabling Plaintiff's e-filing access based on disability.

109.    The defamatory statements and actions have directly damaged Plaintiff's reputation in the community, leading to professional and personal harm.

110.    As a direct and proximate result of the defamation, Plaintiff has suffered and continues to suffer general and special damages in an amount to be proven at trial, including but not limited to, loss of professional and personal reputation, emotional distress, and barrier to professional and personal opportunities.

111.    WHEREFORE, Plaintiff demands judgment against the OARC and Supreme Court Defendants for compensatory damages, punitive damages, costs, and any other relief in Plaintiff's favor and against these Defendants that this Court deems just and proper.

## CLAIM THREE:

### State Law Claims For Malfeasance Or Nonfeasance

112.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

113.    In Colorado, a claim for malfeasance or nonfeasance against a public official requires the plaintiff to establish that the defendant, while acting in their official capacity, either unlawfully performed an act that they had no legal right to perform (malfeasance) or failed to perform a duty required by law (nonfeasance).

114.    Defendant Large, in his capacity as the Presiding Disciplinary Judge (PDJ) for the Supreme Court of Colorado, committed malfeasance by unlawfully interfering with Plaintiff's appellate rights. Specifically, Defendant Large refused to send the audio for transcription to a state-approved transcriber, thereby preventing the transcription from being included in the record on appeal, an act outside his lawful authority.

24-cv-3400 Complaint Section D

115.     Furthermore, Defendant Large committed nonfeasance by failing to perform his legal duty to ensure that the transcripts were produced in time and included as part of the record on appeal, as required under Colorado law governing appellate procedures.

116.     Defendant Large also committed malfeasance by imposing excessive costs against Plaintiff, which were not justified under any statutory or regulatory framework and served his own pecuniary interests, thereby performing an act he had no legal right to perform.

117.     Additionally, Defendant Large committed nonfeasance by failing to protect Plaintiff's privacy rights during the disability proceedings. He allowed access to these proceedings by an unauthorized court reporter without any contract or agreement to maintain confidentiality, directly violating Colorado's laws on confidentiality in disability proceedings.

118.     Defendant Jacob Vos, Assistant Regulation Counsel, committed malfeasance by contacting the e-filing administrative staff to disable Plaintiff's access to the e-filing system. This act was performed without any legal basis or authority, and solely based on Plaintiff's perceived disability.

119.     Defendant Jessica Yates, as part of her official duties, committed nonfeasance by failing to investigate Plaintiff's claims against other attorneys who committed crimes and caused significant damage to the public and their clients. Her failure to act on these complaints, where similar complaints against other individuals have been pursued, demonstrates a failure to perform a duty required by law.

120.     The actions of these Defendants, as described above, directly resulted in harm to Plaintiff, including the loss of her license to practice law, financial burdens due to improperly imposed costs, and a denial of due process and equal protection under the law.

121.     WHEREFORE, Plaintiff demands judgment against these Defendants for compensatory damages, injunctive relief, costs, and any other relief this Court deems just and proper.

**CLAIM FOUR:**

**Due Process Violations Under The Fourteenth Amendment**

122.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

123.     The Fourteenth Amendment to the United States Constitution guarantees that no state shall deprive any person of life, liberty, or property, without due process of law.

124.     Plaintiff's right to practice law, a professional license, constitutes a protected property interest under the Fourteenth Amendment.

125.     Plaintiff was deprived of this property interest when Defendant Large of the Colorado Supreme Court ordered her disbarment in March 2023 without sufficient procedural protections.

126.     Defendant Large failed to provide a fair and impartial hearing by basing the disbarment on the same allegations previously used to declare Plaintiff disabled, which were unrelated to her professional duties and did not warrant disbarment.

127.     Defendant Large further violated Plaintiff's due process rights by interfering with her right to appeal. Specifically, Defendant Large refused to send the audio for transcription to a state-approved transcriber, thereby delaying the production of transcripts necessary for an effective appeal.

128.     Defendant Large's office exacerbated this due process violation by refusing to provide the produced transcripts to the Colorado Supreme Court as part of the appellate record.

129.     The Colorado Supreme Court compounded the due process violations by refusing to allow Plaintiff to supplement the appellate record and by striking her opening brief and dismissing her appeal without considering the merits.

130.     These actions collectively and significantly impeded Plaintiff's ability to challenge the disbarment decision, effectively denying her access to an appropriate and available judicial remedy.

131.     Furthermore, Defendant Large imposed excessive costs against Plaintiff and violated her privacy rights during the disability proceedings, actions which further illustrate the lack of fairness and impartiality in the handling of her case.

132.     The cumulative effect of these actions by Defendant Large and the Colorado Supreme Court Defendants denied Plaintiff the due process of law guaranteed by the Fourteenth Amendment.

133.     WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

## CLAIM FIVE:

### Equal Protection Violations Under The Fourteenth Amendment

134.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

135.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits states from denying any person within their jurisdiction the equal protection of the laws.

136.    This provision mandates that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is intended to ensure that individuals in similar situations are treated alike under the law.

137.    Plaintiff alleges that the actions taken by the Defendants, as detailed herein, constitute a violation of the Equal Protection Clause because they were discriminatory because of disability, age, gender, and marital status.

138.    Specifically, Plaintiff was subjected to disparate treatment compared to other similarly situated individuals who were not disabled, not of the same age, gender, or marital status, particularly noting that White male attorneys who committed more serious offenses were not disbarred or similarly disciplined.

139.    Plaintiff further alleges that the policies and practices adopted and enforced by the Defendants, including but not limited to the refusal to allow electronic filing for unrepresented parties, disproportionately impacted Plaintiff due to her status and directly contributed to a denial of equal protection under the law.

140.    Plaintiff was denied equal access to appellate rights and procedures, which were afforded to other attorneys without disabilities, as evidenced by the refusal of Defendant Large to send audio for transcription to a state-approved transcriber, thereby delaying and effectively denying Plaintiff's ability to appeal.

141.     The Defendants' actions in striking Plaintiff's opening brief and dismissing her appeal without consideration of the merits further exemplify the unequal treatment based on Plaintiff's disability, age, gender, and marital status.

142.     The imposition of excessive costs and the unauthorized disclosure of confidential information related to Plaintiff's disability proceedings further underscore the discriminatory practices employed by Defendants against Plaintiff, contrasting sharply with the treatment of other attorneys who were not subject to such prejudicial actions.

143.     By these actions, Defendants have treated Plaintiff differently than other similarly situated attorneys in violation of her right to equal protection under the Fourteenth Amendment.

144.     Such discriminatory treatment has directly caused Plaintiff significant harm, including but not limited to the loss of her professional license, financial burdens, and severe emotional distress.

145.     WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

**CLAIM SIX:**

**Privacy Violations**

146.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

147.     In Colorado, a claim for invasion of privacy may arise under circumstances where an individual's private affairs are intruded upon in a manner that would be highly offensive to a reasonable person.

24-cv-3400 Complaint Section D

148.    The Defendants, by actions taken through their agents and employees, engaged in activities that resulted in the unauthorized disclosure of confidential information pertaining to the plaintiff's disability proceedings.

149.    In Plaintiff's appeal of the disciplinary decision rendered by Defendant Large, the Supreme Court Defendants made public the letter from Plaintiff's physician that was filed under seal in the Jefferson County District Court, and was suppressed in the Disciplinary and Disability cases, even though this letter should have remained sealed pursuant to CJD-05.

150.    Defendant Large allowed Javernick access to the suppressed disability proceedings, even though the stenographer was not under any contract or agreement to maintain the confidentiality of those proceedings and was not subject to the confidentiality orders issued by Defendant Large. By thereby making unauthorized disclosures of Plaintiff's confidential information, Defendant Large violated Plaintiff's privacy rights.

151.    The Supreme Court Defendants did this without obtaining prior consent from the Plaintiff or providing notice to the Plaintiff, thereby breaching the duty to protect the Plaintiff's confidential information.

152.    Such actions by the Supreme Court Defendants constituted an intrusion upon the Plaintiff's solitude and private affairs, which a reasonable person would find highly offensive.

153.    As a direct and proximate result of the Supreme Court Defendants' actions, the Plaintiff suffered damages including, but not limited to, emotional distress, harm to reputation, and other psychological injuries.

154.    The Supreme Court Defendants' conduct in handling the Plaintiff's confidential information was not only unauthorized but also done with malicious intent or negligence, given

the lack of safeguards and failure to adhere to standard protocols for handling such sensitive information.

155.    The privacy rights of the Plaintiff, as protected under both state and federal laws, were thus violated by the Supreme Court Defendants' actions.

156.    WHEREFORE, Plaintiff demands judgment against Supreme Court Defendants for compensatory damages, punitive damages, injunctive relief, costs, and any other relief this Court deems just and proper.

## CLAIM SEVEN:

## Civil Rights Act Title VII Claim

157.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

158.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §200e et seq., prohibits employment discrimination based on race, color, religion, sex, and national origin.

159.    Plaintiff, Jane Roe, was employed by the Colorado Supreme Court as an attorney licensed to practice law in the state of Colorado until her disbarment in January 2023.

160.    Plaintiff alleges that her disbarment and the preceding determination of disability by Defendant Large(PDJ) of the Colorado Supreme Court constituted unlawful employment discrimination based on her gender.

161.    Defendant Large and the Colorado Supreme Court engaged in actions that disproportionately affected Plaintiff compared to her male counterparts, including but not limited

to the refusal to provide accommodations typically granted to similarly situated male attorneys who faced disciplinary actions.

162.    Specifically, Plaintiff points to instances where white male attorneys who committed more serious offenses, including those who admitted to or were convicted of crimes, were not disbarred or subjected to similar severe disciplinary measures.

163.    Plaintiff was subjected to discriminatory treatment when Defendant Large interfered with her appellate rights by refusing to send the audio for transcription to a state-approved transcriber, an action not taken against male attorneys in similar situations, thereby impeding her ability to appeal the disbarment decision effectively.

164.    Further discriminatory actions include the imposition of excessive costs against Plaintiff, a punitive measure not equivalently applied to male counterparts, and the wrongful violation of her privacy rights during the disability proceedings.

165.    The cumulative effect of these actions, based on Plaintiff's gender, deprived her of equal employment opportunities and fair treatment in her profession, directly violating Title VII protections.

166.    These actions were part of a broader pattern of behavior by Defendant Large and the Colorado Supreme Court that reflects systemic gender discrimination within the state's judicial disciplinary processes.

167.    As a direct and proximate result of the defendants' actions, Plaintiff suffered damages including loss of professional reputation, emotional distress, and loss of income and benefits associated with her profession as an attorney.

168.    WHEREFORE, Plaintiff seeks relief for these violations under Title VII of the

Civil Rights Act, asserting that the discriminatory actions taken against her based on her gender

were both intentional and malicious, warranting both compensatory and punitive damages.

## CLAIM EIGHT:

## Civil Rights Act Title VI Claim

169.    Plaintiff incorporates all other paragraphs in this Complaint by reference as

though fully written here.

170.    Title VI of the Civil Rights Act of 1964, 42 U.S.C. §200d et seq. prohibits

discrimination based on race, color, or national origin in any program or activity receiving

Federal financial assistance.

171.    The Colorado Supreme Court and its Presiding Disciplinary Judge (PDJ), as part

of the state judiciary, receive federal financial assistance and are thus subject to the requirements

of Title VI.

172.    Plaintiff alleges that the actions and decisions by Defendant Large and the

Colorado Supreme Court were discriminatorily based on race, color, or national origin, contrary

to the protections afforded under Title VI.

173.    Specifically, Plaintiff contends that similar or more severe offenses committed by

White male attorneys within the same jurisdiction did not result in disbarment or similarly harsh

disciplinary actions, suggesting a discriminatory application of disciplinary measures.

174.    Plaintiff further alleges that the refusal by Defendant Large to provide necessary

transcripts and the subsequent refusal by the Colorado Supreme Court to allow Plaintiff to

supplement the record on appeal were actions that disproportionately impacted Plaintiff

compared to similarly situated White male attorneys, who were not subjected to such procedural barriers.

175.    Additionally, Plaintiff asserts that the policies prohibiting unrepresented parties from using the state's e-filing system, or filing by email or by fax, disproportionately affect non-White, non-male attorneys, as these policies were not equally enforced against White male attorneys, thereby denying Plaintiff equal access to the courts.

176.    The differential treatment and the harsher disciplinary actions imposed on Plaintiff as compared to White male attorneys who committed similar or more serious offenses provide factual support for a claim of discrimination based on race, color, or national origin under Title VI.

177.    Such discriminatory practices have directly harmed Plaintiff by stripping her of her professional license, imposing financial burdens, and obstructing her legal right to appeal, all of which are outcomes that White male attorneys in similar circumstances have not faced.

178.    Based on the foregoing, Plaintiff alleges that the actions of Defendant Large and the Colorado Supreme Court constitute a violation of Title VI of the Civil Rights Act of 1964, as these actions were based on unlawful discrimination against Plaintiff based on race, color, or national origin.

179.    WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and proper.

## CLAIM NINE:

### Age Discrimination In Employment Act (ADEA)

180.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

118.     Plaintiff, Jane Roe, was at all relevant times a licensed attorney practicing law in the State of Colorado and was over the age of 40 years, thus qualifying as a protected individual under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634, (ADEA).

181.     Defendant, Defendant Large of the Colorado Supreme Court, engaged in actions affecting the terms, conditions, and privileges of Plaintiff's employment, specifically her license to practice law.

182.     Defendant's actions in disbarring Plaintiff were not based on legitimate grounds but were instead substantially motivated by Plaintiff's age.

183.     Defendant has not similarly disbarred significantly younger attorneys or those under 40 who have committed similar or more severe violations, indicating a pattern of differential treatment based on age.

184.     The disbarment decision dated January 2023, which stripped Plaintiff of her ability to practice law, was influenced by ageist biases, as evidenced by the lack of similar punitive measures against younger, similarly situated professionals in the legal field.

185.     his differential treatment based on age by the Defendant has directly caused significant professional and economic harm to Plaintiff, including loss of professional standing, loss of income, and damage to her reputation within the legal community.

186.    The actions and decisions of the Defendant, as described herein, constitute a

willful violation of the Age Discrimination in Employment Act (ADEA), which prohibits

discrimination against persons 40 years of age or older in employment settings.

187.    WHEREFORE, Plaintiff demands judgment against Defendants for compensatory

damages, liquidated damages, injunctive relief, attorneys' fees, costs, and any other relief this

Court deems just and proper.

## CLAIM TEN:

### Violation Of The Rehabilitation Act Of 1973, Section 504

188.    Plaintiff incorporates all other paragraphs in this Complaint by reference as

though fully written here.

189.    Plaintiff Jane Roe is a qualified individual with a disability within the meaning of

the Rehabilitation Act of 1973, Section 504, 29 U.S.C. §794.

190.    The Colorado Supreme Court, through its Presiding Disciplinary Judge (PDJ) and

associated administrative offices, is a recipient of federal financial assistance and is therefore

subject to the provisions of Section 504 of the Rehabilitation Act of 1973.

191.    The actions of the Colorado Supreme Court and its PDJ, as detailed herein,

constituted a denial of access to participation in services, programs, or activities for which

Plaintiff was otherwise qualified, solely by reason of her disability.

192.    Specifically, Defendant Large determined Plaintiff to be disabled from the

practice of law in September 2022 but subsequently convened a hearing in January 2023 that led

to Plaintiff's disbarment based on the same reasons that formed the basis for her disability

determination.

193.    Further, Defendant Large interfered with Plaintiff's appellate rights by refusing to

send audio for transcription to a state-approved transcriber, thereby preventing the timely

production of transcripts necessary for inclusion in the appellate record.

194.    Defendant Large wrongfully imposed excessive costs against Plaintiff and

violated her privacy rights by allowing access to disability proceedings to an unauthorized court

reporter without any contract to maintain confidentiality, and without Plaintiff's notice or

approval.

195.    Defendant Large denied Plaintiff's request for state-paid transcripts, further

impeding her ability to obtain necessary transcripts for her defense and appeal.

196.    The Supreme Court of Colorado refused to allow Plaintiff to supplement the

record on appeal, struck her opening brief, and dismissed her appeal without considering the

merits, actions influenced by Plaintiff's disability, as well as her age, gender, and marital status.

197.    The Supreme Court of Colorado has adopted policies that prohibit unrepresented

parties from using the state's e-filing system, thereby denying Plaintiff equal access to the court

and equal protection under the law, particularly as she resides more than 100 miles from the

courthouse and was only notified by mail of court orders, significantly delaying her ability to

respond or reply.

198.    These actions collectively demonstrate a pattern of discrimination against Plaintiff

based on her disability, in violation of the Rehabilitation Act of 1973, Section 504, which

prohibits discrimination based on disability in programs or activities receiving Federal financial

assistance.

199.      WHEREFORE, Plaintiff demands judgment against Defendants for compensatory

damages, injunctive relief, attorneys' fees, costs, and any other relief this Court deems just and

proper.

### CLAIM ELEVEN:

**(Conspiracy To Interfere With Civil Rights 42 U.S.C. §1985—against all Defendants)**

200.      Plaintiff incorporates the allegations of all the above paragraphs as if fully set

forth herein.

201.      Plaintiff cites to 42 U.S.C. § 1985(3), creating liability for conspiracy to interfere

with a person's civil rights.

202.      In this case, Plaintiff alleges that all the Defendants conspired to unlawfully

discriminate against Plaintiff based on her disability, gender, age, and marital status.

203.      Defendants conspired together on how to restrict Plaintiff's access to the courts

and deprive her of her license to practice law under the auspices of attorney discipline and other

proceedings before the Supreme Court of Colorado.

204.      Defendants' purpose in conspiring was to deprive Plaintiff of her equal protection,

property, and privileges under federal and Colorado state laws.

205.      This conspiracy was furthered by Defendants' concerted acts and omissions over

three years of ex parte communications amongst Defendants Vos, Yates, Large, and Boatright,

Defendant Vos' interference with Plaintiff's access to the electronic filing system after

September 22, 2022, Defendant Large's refusal to deliver the hearing audio to a state-approved

transcriber for timely inclusion in the record on appeal, and Defendant Boatright's refusal to

apply the procedural rules and fundamental principles of law equally to Plaintiff, and his disregard for the truth in denying Plaintiff's access to the courts in Colorado.

206.     This conspiracy was furthered in the fact that Defendants did not allow reasonable modifications or accommodations for Plaintiff to access the courts after September 2022.

207.     As a result of the Defendants' actions, Plaintiff suffered egregious injuries and damages from losing her license to practice law, her appellate rights, and her access to the courts, and all meaningful opportunities to obtain legal representation,

## CLAIM TWELVE:

**(Violations of Plaintiff's Right of Access to the Courts contained in the Privileges and Immunities Clause, and the First, Fifth, Sixth, and Fourteenth Amendments of the Constitution—42 U.S.C. §1983)**

208.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

209.     The Colorado Supreme Court issued a Rule to Show Cause why Plaintiff should not be enjoined from representing herself in all present and future legal actions in state court, without regard to whether she is a plaintiff or defendant, criminal or civil claims, in all levels of the state judiciary, small claims, trial court, or appellate level.  The issue is fully briefed and has been under consideration by the Court since September 2023.

210.     Plaintiff has never been prohibited by any court from representing herself.

211.     Plaintiff has never been found to have brought repetitive cases, or for violating rules of civil procedure for bringing claims.

212.     The Colorado Supreme Court has infringed upon Plaintiff's right of access to the
courts because it barred Plaintiff from representing herself or any entity in Small Claims Court,
in appeals that were pending at the time of the decision, and to enforce the courts' orders entered
in previous cases and in Plaintiff's worker's compensation claim.

213.     Attorneys are not allowed to represent individuals and are not required to
represent entities in small claims court, therefore Plaintiff has no access to the courts for matters
within the jurisdiction of the small claims courts.

214.     Similarly, by barring Plaintiff from representing herself in the Administrative
Courts in Colorado, Colorado infringed upon Plaintiff's right to enforce the rulings in a previous
workers compensation case which ordered Vail Resorts to pay for and provide hearing aids and
other medical care to Plaintiff, which has a real and significant detriment to Plaintiff's physical
health.

215.     In addition, Defendants Boatright and the Colorado Judiciary took away
Plaintiff's appellate rights, without regard to merit, including in cases that were already pending
in the Colorado courts before February 20, 2024.

216.     A theoretical right to hire counsel is meaningless in the civil context because
Plaintiff could not afford to hire an attorney in pending matters, and the court's decisions
damaged Plaintiff's reputation and made it impossible to find an attorney.

217.     The unlawful actions of the Supreme Court defendants have violated Plaitniff's
civil rights, damaged  and continue to damage Plaintiff in ways that are difficult to quantify, but
the damages including the effect of forcing Plaintiff to forfeit her legal rights not only at the trial

level but also on appeal, in small claims courts, and administrative courts amounts to not less

than $10 million.

## CLAIM THIRTEEN:

**(Violations by the State Defendants of Plaintiff's Fourteenth Amendment Rights of
Freedom of Speech, Freedom of Association, and the Right to Petition for the Redress of
Grievances –42 U.S.C. §1983)**

218.     Plaintiff incorporates all other paragraphs in this Complaint by reference as

though fully written here.

219.     The Defendants' past and ongoing retaliatory and punitive conduct toward

Plaintiff was and is substantially motivated by her constitutionally protected activity.

Defendants' conduct has caused and continues to threaten injuries to Plaintiff that would chill a

person of ordinary firmness from continuing to engage in Plaintiff's constitutionally protected

conduct.

220.     The Defendants retaliated against Plaintiff for exercising her First Amendment

Rights, through their prosecution of Plaintiff, bad faith investigations, and legal harassment, in

violation of Plaintiff's Constitutional and statutory rights.

221.     Based upon the foregoing allegations and assertions, Defendants investigated

Plaintiff to punish her for exercising her First Amendment free speech right to inform the courts

of the illegal actions of Bohn and the Atrium HOA, to petition for the redress of grievances, to

associate for expressive advocacy, and to discourage her and those who would associate with her

from exercising their right to associate, to petition for redress of grievances, and to speak freely

and publicly about the need for reform of aspects of the attorney regulation and HOA laws.

222.    Plaintiff's First Amendment rights have been violated by the action of Defendants

to investigate and prosecute her because of Defendants' bad faith and retaliatory actions and

because Defendants have barred Plaintiff from asserting any legal rights in the administrative,

appellate, and small claims courts, and have infringed her right not to be punished for exercising

federal constitutional rights to engage in free speech, free association, and petitioning the

government for redress of grievances.

223.    Each of the Defendants acted under color of state law.

224.    The acts and failures to act of the Defendants deprived the plaintiff of particular

rights under the laws of the United States and the United States Constitution as set forth above.

225.    The Defendants' conduct was an actual cause of the claimed injuries.

226.    Plaintiff is entitled to prospective injunctive relief from federal constitutional

violations by state officials.

227.    Plaintiff is entitled to declaratory relief under 28 U.S.C. § 2201.

228.    Plaintiff is entitled to damages under 42 U.S.C. §1983.