IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03400-STV
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

JANE ROE,

   Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado,
BRIAN BOATRIGHT, individually and in his official capacity as Chief Judge of the
      Colorado Supreme Court,
BRYON LARGE, individually and in his official capacity as Presiding Disciplinary Judge
      of the Colorado Supreme Court,
JESSICA YATES, individually and in her official capacity as Attorney Regulation
      Counsel of the Colorado Supreme Court,
JACOB VOS, individually and in his official capacity as Assistant Regulation Counsel of
      the Colorado Supreme Court,
RHONDA WHITE MITCHELL, individually and in her official capacity as Senior
      Assistant Regulation Counsel of the Colorado Supreme Court, and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado
      Supreme Court,

   Defendants.

## SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff Jane Roe initiated this action using a pseudonym. She provides a mailing address for herself in Pinedale, Wyoming. On December 6, 2024, she initiated this action by filing *pro se* a "Complaint for Damages and Equitable Relief for Violations of

1

Federal and State Discrimination Laws, Privacy Rights, Civil Rights, and Due Process and Jury Demand." (ECF No. 1).

On December 9, 2024, Magistrate Judge Richard T. Gurley directed Plaintiff to cure certain designated deficiencies. (ECF No. 4). Specifically, Plaintiff was ordered to either pay the $405.00 filing fee or submit a motion to proceed *in forma pauperis* on the court-approved form. (*Id.*). Additionally, Plaintiff was ordered to file her complaint on the court-approved Complaint form. (*Id.*). Plaintiff was also informed that she must seek permission from the Court to proceed using a pseudonym. (*Id.*).

In response, Plaintiff paid the filing fee (ECF No. 7), filed a Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR 7.2, where she requested to be allowed to proceed using a pseudonym (ECF No. 5), and filed a Motion to Appoint Pro Bono Counsel (ECF No. 9). In her Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR 7.2, she indicated that she was including an attachment of a notice of her identity; however, no such attachment was submitted. (*See* ECF No. 5).

Plaintiff's submitted documents did not cure all of the designated deficiencies identified in the December 9, 2024 Order. Therefore, Plaintiff will be given one more opportunity to cure the following deficiencies if she wishes to pursue any claims in this action. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) __ is not submitted:
(2) __ is missing affidavit
(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing

2

(4) __ is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) __ is missing authorization to calculate and disburse filing fee payments
(7) __ is missing an original signature
(8) __ is not on proper form
(9) __ names in caption do not match names in caption of complaint, petition or habeas application
(10) __ other:

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) xx is not on proper form: Plaintiff must use the current Court-approved Complaint form
(13) __ is missing an original signature
(14) __ is missing page nos.
(15) __ uses et al. instead of listing all parties in caption
(16) __ names in caption do not match names in text
(17) __ addresses must be provided for all defendants/respondents
(18) __ other:

Plaintiff's Motion for Appointment of Counsel (ECF No. 9) will be denied without prejudice as premature. This case is still in initial review pursuant to D.C.COLO.LCivR 8.1(a).

The Court will postpone ruling on Plaintiff's Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR 7.2 (ECF No. 5) until it can review and consider the allegations Plaintiff asserts in the court-approved complaint form. The Court is aware of and will consider the Objections filed, through counsel, by the Colorado Freedom of Information Coalition as to Plaintiff's request to a use a pseudonym. (*See* ECF No. 10).

Plaintiff is informed that she may choose to contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current Court-approved Complaint form, available with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 9) is denied without prejudice as premature. It is

FURTHER ORDERED that, if Plaintiff fails to cure all of the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED January 9, 2025.

BY THE COURT:

s/ Scott T. Varholak
United States Magistrate Judge