FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:54 pm, Feb 05, 2025
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03400-STV

JANE ROE,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as Chief Judge of the Colorado Supreme Court;
BRYON LARGE, individually, and in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado Supreme Court,

    Defendant(s).

---

**Motion for Clarification, Extension of Time, Appointment of Counsel**

---

The Plaintiff pro se hereby moves the court for Clarification of the Court's January 9, 2025 Second Order to Cure Deficiencies [ECF No. 14], an extension of time to comply with the Order, and to renew her motion for court-appointed counsel. In support of this motion, Plaintiff states:

1. The Court's January 9, 2025 Order states that the Plaintiff had not cured two deficiencies listed in the Court's December 9, 2024 Order [ECF No. 4]:

1

    a. Plaintiff had <u>not</u> filed the complaint on the court form, and

    b. Plaintiff had <u>not</u> submitted the referenced exhibit with her true name with the motion for leave to restrict [ECF 5].

2. However, as set forth in Plaintiff's Certificate of Compliance, filed January 8, 2025 [ECF 12], the notice with her true name <u>was</u> filed with the motion (entered by the clerk of court as ECF 6) on January 2, 2025, and the Corrected Complaint on the Court's form <u>was</u> filed on January 8, 2025 [ECF 11].

3. Therefore, Plaintiff does not understand what the Court's Order [ECF 14] requires the Plaintiff to do that she has not already done.

4. Plaintiff contacted the court today to ask for clarification on these procedural issues. The person who answered the phone directed Plaintiff to call the Federal Pro Se clinic, and mentioned that it appeared that the pro se clinic had a hand in the order.

5. Plaintiff called the pro se clinic, but the phone rang endlessly without going to voicemail or being answered. Additionally, Plaintiff applied for assistance to the pro se clinic online on December 12, 2024, and has not received a response or any communication from the clinic.

6. Moreover, there is a problem with the local post office that Plaintiff has been unable to resolve, which is resulting in the non-delivery of her mail from the court (and probably from the Defendants' waivers of service). The mailing address provided to the court is correct and Plaintiff has confirmed that mail should be received at that address. Yet, the Court's recent filings indicate that mail is being returned to sender.

7. On January 6, 2025, Plaintiff sent out the Notice of Lawsuit and requests for Waiver forms, with the complaint and prepaid return envelopes, to the listed Defendants. As of today, almost thirty days later, none of the Defendants have responded.

8. The Court's January 9, 2025, Order was not received by mail, as noted in the docket. Plaintiff received notice of the filing when she coincidentally logged in to PACER on January 20, 2025. Plaintiff applied for ECF filing privileges, but was denied because the court has not approved her to proceed anonymously with her true name available to the parties only.

9. Under these facts and circumstances, Plaintiff's access to the Court and notice of the court's orders has been severely hindered. The format requirements imposed on this pro se plaintiff make it practically impossible to proceed without sacrificing her legitimate privacy interests or forfeiting her claims altogether.

10. It is apparent that Plaintiff needs the assistance of counsel—at least in a limited capacity--in this matter immediately to facilitate compliance with the Court's requirements and to move the case forward. Plaintiff therefore renews her Motion for Court appointed counsel, which was filed on January 6, 2025 [ECF 9] and denied without prejudice on January 9, 2025, in the Second Order [ECF 14]. The Plaintiff's need for assistance at this stage of the proceedings is not premature nor is it avoidable.

11. Accordingly, Plaintiff asks the Court to clarify in what way(s) "Plaintiff's submitted documents did not cure all of the designated deficiencies identified in the December 9, 2024 Order." In particular, Plaintiff asks the court what she must do to comply with the

Court's order, especially since Plaintiff has already done what she thought needed to be done and does not know how she missed the mark.

12. Alternatively, Plaintiff asks the court to accept the Corrected Complaint on the court's form as filed on January 8, 2025 [ECF 11], without elevating form over substance, and permit this case to proceed.

13. Plaintiff asks the court to grant her 14 days of additional time to cure the deficiencies in the form of the complaint after receiving clarification from the court.

14. Finally, Plaintiff asks the court to reconsider its denial of Plaintiff's motion for court appointed counsel. Plaintiff has legitimate claims here, and they should be decided on the merits and not dismissed because of the form of her complaint or other administrative non-substantive issues that arise from Plaintiff's pro se status and legitimate reasons to keep her name out of the public realm.

Respectfully submitted,

/s/ Jane Roe
Jane Roe, Plaintiff

Date: Wednesday, February 5, 2025