FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:14 am, Mar 20, 2025
JEFFREY P. COLWELL, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03400-STV

JANE ROE,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as Chief Judge of the Colorado Supreme Court;
BRYON LARGE, individually, and in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado Supreme Court,

    Defendant(s).

---

### PLAINTIFF'S NOTICE OF ERRORS RE: REPLY TO MOTION FOR LEAVE TO RESTRICT [MOTION TO PROCEED UNDER PSEUDONYM] [ECF NO. 23]

---

Earlier this week, the Plaintiff Jane Roe learned that her Reply to Motion for Leave to Restrict, filed on March 14, 2025 [ECF No. 23], contained inaccurate citations to authority. The Plaintiff intends to amend her reply to correct the erroneous citations and asks the court for a few days to do so.

In particular, the case cited in the Reply as *Co. Doe v. Public Serv. Co. of Colorado*, 662 F.3d 1171, 1175 (10th Cir. 2011) appears to be an AI hallucination.  This error is inadvertent (but serious).   The plaintiff has no prior experience with AI as a licensed attorney (when Plaintiff was transferred to disability inactive status a few years ago, AI did not exist), and the plaintiff—as a lay person, not an attorney--has very limited access to traditional legal research databases.  The Plaintiff was under the impression that AI served as a reliable alternative to Westlaw and Lexis, but now realizes that this impression was incorrect.  Plaintiff has never been in this situation before and apologizes profusely to the Court for this inadvertent and misinformed error.

Plaintiff wishes to amend her Reply by Tuesday, March 25, 2025, and asks the Court to abstain from ruling on the Motion for Leave to Restrict in the meantime.

Date: Thursday, March 20, 2025.

                                              Respectfully submitted,

                                              /s/ Jane Roe
                                              Jane Roe, Plaintiff