IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03400-STV

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:44 pm, Apr 14, 2025
JEFFREY P. COLWELL, CLERK

JANE ROE,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as Chief Judge of the Colorado Supreme Court;
BRYON LARGE, individually, and in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado Supreme Court,

    Defendant(s).

---

**FORTHWITH MOTION FOR ASSIGNMENT OF A DISTRICT COURT JUDGE TO THIS CASE; CLARIFICATION OF APPEAL/REVIEW PROCEDURE; AND FOR STAY OF ORDER [ECF NO. 29] PENDING APPEAL/REVIEW**

---

The Plaintiff Jane Roe, pro se and pursuant to Fed.R.Civ.P. 8 and 72, hereby asks the Clerk of Court to assign a District Court Judge to this case, and moves the court for clarification of the avenue of review/appeal and for a stay of the Order 9ECF No. 29] pending review/appeal. In support of this Motion, Plaintiff states:

1

1.   The Forthwith basis for this motion is the 14-day deadline for filing an objection under Rule 72 or a Notice of Appeal to the 10th Circuit, which expires on April 21, 2025—just seven days away.

2.   Plaintiff contacted the clerk of court last week, in hopes that the clerk could provide some guidance on the appropriate procedure here.  Plaintiff was advised to file a motion with the court.

3.   Although this case was filed on October 4, 2024, and the parties have not consented to having this case heard by a magistrate judge, no District Judge has been assigned to this case.  Plaintiff hereby requests the court/clerk of court to assign a District Court Judge to this case.

4.   The Court's order denying Plaintiff's motion to proceed under a pseudonym was entered by the Magistrate Judge on April 7, 2025 [ECF No. 29].  Pursuant to the Order, Plaintiff has 30 days to file a complaint on the court-approved form under her true name or the case will be dismissed.   [Order, ECF No. 29].

5.   Yet, the Rules do not provide for a Magistrate Judge to enter dispositive motions or pretrial motions unless such authority has been delegated by a District Judge or the parties have consented, neither of which have occurred in this case.

6.   Pursuant to Fed.R.Civ.P. 72, the order (or recommendation) would normally be reviewable by the District Judge assigned to the case.  Because no District Judge has been assigned to this case, Plaintiff seeks clarification from the court as to whether she may object to the Magistrate Judge's Order pursuant to Rule 72, or whether her only option for review is an appeal to the 10th Circuit Court of Appeals.

7.   For obvious reasons, Plaintiff would prefer to not have to file a separate appeal of this issue, but having only 14 days to do so without having a District Court Judge assigned to this

case, or assurance from the court that a Rule 72 objection may be filed here creates a due process crisis.

8.  Accordingly, Plaintiff asks the court to immediately assign a District Court Judge to this case. In the meantime, Plaintiff asks the court to clarify which avenues of review/objection/appeal are procedurally available where, as here, the Court did not assign a District Court Judge to this matter, yet the Magistrate Judge has entered an order that is dispositive.

9.  Similarly, pursuant to Fed.R.Civ.P. 8, Plaintiff moves the court for a stay of the Order pending clarification and review/appeal. Because the order does not require plaintiff to pay anything and the Defendants have not answered, no bond should be required. Entry of a stay of the 30-day deadline for Plaintiff to file a Complaint in her true name or dismissal of the case is appropriate and in the interests of justice.

10. The defendants will not be prejudiced by granting the relief requested. However, the Plaintiff will be seriously prejudiced if the Court denies this Motion.

WHEREFORE, for the foregoing reasons, the Plaintiff Jane Roe respectfully requests the Court to grant this motion, assign a District Court Judge to this case, clarifying the available procedural avenues of review of the Order [ECF 72], and staying the Order until such review/appeal is completed.

Respectfully submitted,

/s/ Jane Roe
Jane Roe, Plaintiff

Date: Monday, April 14, 2025