FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4/21/2025
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03400-STV

JANE ROE,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as Chief Judge of the Colorado Supreme Court;
BRYON LARGE, individually, and in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado Supreme Court,

    Defendant(s).

---

**OBJECTIONS PURSUANT TO FED.R.CIV.P. 72 TO MAGISTRATE JUDGE'S ORDER ON MOTION TO PROCEED UNDER PSEUDONYM [ECF NO. 29]**

---

    Plaintiff respectfully objects under Fed. R. Civ. P. 72(a) to the April 7, 2025 Order [ECF No. 29] denying her Motion for Leave to Restrict [and Proceed Anonymously] [ECF No. 5]. The Magistrate Judge's ruling is clearly erroneous and contrary to law for the following reasons:

## I. STANDARD OF REVIEW

A magistrate judge's order on a nondispositive matter may be set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). The denial of a motion to proceed anonymously—particularly where constitutional rights are at stake—requires careful balancing under controlling precedent. See *M.M. v. Zavaras*, 139 F.3d 798, 802–03 (10th Cir. 1998); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

## II. THE ORDER MISAPPLIES THE STANDARD GOVERNING PSEUDONYMITY IN CONSTITUTIONAL CASES

The Order improperly treats Plaintiff's request as a reputational matter grounded in professional discipline (relying on Coe v. U.S. Dist. Ct. for the Dist. of Colo., 676 F.2d 411 (10th Cir. 1982)) rather than as a matter of constitutional dimension. Unlike in Coe, Plaintiff's Complaint alleges serious violations of her constitutional rights by state actors, including due process, First Amendment retaliation, and disability discrimination.

The Tenth Circuit has explicitly recognized that pseudonymity may be appropriate where disclosure of identity would itself cause the very harm the plaintiff seeks to redress. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (noting the "injury litigated against would be incurred as a result of the disclosure"). Similarly, in Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000), the court affirmed that exceptional circumstances include "highly sensitive and

personal matters, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure."

Plaintiff's Complaint pleads claims for denial of due process, First Amendment retaliation, disability discrimination, and unlawful restriction on access to courts—claims that courts consistently find support a request for anonymity where disclosure of identity would itself cause the harm at issue. See *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

The Order wrongly applies a categorical presumption against pseudonymity based on *Coe v. U.S. District Court*, 676 F.2d 411 (10th Cir. 1982), but fails to account for critical distinguishing facts:

- Unlike *Coe*, this case is not a simple challenge to professional discipline. The Complaint alleges multiple violations of constitutional rights by government actors, including **First Amendment retaliation**, **due process**, **equal protection**, and **disability discrimination**.
- Courts consistently allow pseudonymity in **constitutional litigation**, especially where plaintiffs face retaliation or systemic power imbalance. See *M.M.*, 139 F.3d at 803 ("The prejudice to the public interest is clear… but such prejudice does not automatically outweigh plaintiff's interest in proceeding anonymously."); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).
- The Order does not mention, let alone analyze, the constitutional stakes or the well-pled allegations that public identification would inflict the very harm Plaintiff seeks to redress, including reputational and psychological injury and risk of retaliation.

This omission renders the Order contrary to controlling law.

## III. THE ORDER MISCONSTRUES THE PUBLIC'S RIGHT TO ACCESS BY CONFLATING IDENTITY DISCLOSURE WITH CASE ACCESS

The magistrate judge quoted extensively from *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010), emphasizing that "people in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." But this misapplies the principle.

Proceeding anonymously **does not prohibit the public from observing the case.** The filings, motions, legal arguments, and judicial decisions will remain entirely public. *See Doe v. Heil*, No. 08-cv-02342-WYD-CBS, 2008 WL 4889550, at *4 (D. Colo. Nov. 13, 2008) (granting pseudonymity where disclosure would add no value to the legal adjudication). This is a purely legal case where Plaintiff's identity has little to no bearing on resolution of the claims, and where Defendants already know her identity. *See Free Speech Coal. v. Anderson*, No. 2:23-cv-00287, 2023 WL 4205645, at *3 (D. Utah June 27, 2023)The entire docket, filings, and proceedings in this matter remain open and fully accessible. The public will still be able to read the complaint, follow motions and rulings, attend hearings, and scrutinize the conduct of the court and the defendants. All legal arguments, facts, and judicial decisions will remain subject to full public examination.

Plaintiff seeks only to shield her name and identifying information—not to seal the case or impede public understanding of the claims. Courts routinely find that pseudonymity does **not hinder public access** where the case presents **legal or constitutional questions** that can be adjudicated independently of the litigant's identity. See *Doe v. Free Speech Coalition*, No. 2:23-

CV-00287, 2023 WL 4205645, at *3 (D. Utah June 27, 2023); *Doe v. Heil*, 2008 WL 4889550, at *4 (D. Colo. Nov. 13, 2008).

IV. DISCLOSURE OF PLAINTIFF'S NAME VIOLATES THE ERIE DOCTRINE.

Colorado Supreme Court rules explicitly **suppress attorney disability proceedings**, reflecting a strong public policy interest in privacy for individuals subjected to such actions. See C.R.C.P. 243.6(e). By refusing to honor those confidentiality protections, the magistrate's ruling undermines the very privacy framework established by the Colorado judiciary. The Order also disregards that the Colorado Supreme Court mandates confidentiality in attorney disability proceedings. See C.R.C.P. 243.6(e). Plaintiff's identity, in the context of a sealed disability record, is not a matter of public record. Federal courts must respect such protections when constitutional rights and privacy are at stake. This directly implicates the Erie doctrine, which supports applying state law to substantive privacy interests even in federal court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

III. THE COURT MISAPPLIED THE "MEDIA AND HARM" BALANCING TEST

The Magistrate improperly credited the objection of media intervenors (ECF No. 10), relying on their asserted interest in covering the case while overlooking two essential facts:

1. **The Media Already Have Access**: The disciplinary orders referenced by Objectors are already public. The pseudonym motion does not restrict access to those orders or the public's ability to discuss them. Rather, it preserves Plaintiff's identity in this distinct constitutional lawsuit to avoid multiplying harm. See *Doe v. Heitler*, 26 P.3d 539 (Colo. App. 2001).

2. **Disclosure Would Compound Injury**: The very act of requiring Plaintiff to litigate under her real name would publicize her identity far more broadly than the original proceedings ever did—due to federal docket visibility, algorithmic indexing, and media coverage. This creates precisely the "injury litigated against" described in *Femedeer* and *M.M.*

The court gave undue weight to the objectors' generalized preference for transparency, while giving insufficient attention to Roe's documented, individualized risk of severe harm, including psychological, professional, and reputational damage.

The Order discounts Plaintiff's legitimate concerns of harm—professional retaliation, mental and emotional injury, and violation of privacy in a previously confidential disability proceeding—by characterizing them as "too vague" and "conclusory." But the pleadings and supporting reply detail precisely the nature of the harm, including:

- Retaliatory conduct by judicial officers named in the lawsuit
- Repetition of defamatory material that would be revived by name-based search engines
- Re-publication of suppressed information from the state disability proceedings
- Invasion of personal privacy and psychological harm in light of severe public accusations

These are precisely the types of harms contemplated by *Femedeer* and *M.M.*, where anonymity is allowed to prevent litigation from compounding the injury being challenged. Plaintiff has alleged specific risks of retaliation and further reputational, emotional, and financial harm. Where government actors have power over the plaintiff's livelihood—as in this case—the

6

threat of retaliation is credible. See Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992); Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981).

VI. CONCLUSION

The Magistrate Judge's order is clearly erroneous and contrary to law because:

- It misapplied *Coe* to a case alleging wide-ranging constitutional violations
- It conflated pseudonymity with secrecy and failed to recognize that public access to the case remains intact
- It undervalued the compelling privacy, due process, and safety interests at stake
- It failed to acknowledge and incorporate Colorado's strong public policies of confidentiality

VI. RELIEF REQUESTED

For the reasons set forth above, Plaintiff respectfully requests that the District Judge:

1. Set aside the Magistrate Judge's April 7, 2025 Order (ECF No. 29);

2. Grant Plaintiff's Motion to Proceed Under a Pseudonym (ECF No. 5); and

3. Permit Plaintiff to proceed using the pseudonym "Jane Roe," with her identity known to the Court and parties under Level 1 restriction.

Respectfully submitted,

/s/ Jane Roe
Jane Roe, Plaintiff

Date: Monday, April 21, 2025