FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*8:07 am, May 02, 2025*
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. <u>24-cv-03400-STV</u>

JANE ROE,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as Chief Judge of the Colorado Supreme Court;
BRYON LARGE, individually, and in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado Supreme Court,

    Defendant(s).

**Motion to strike Response to Objection filed by non-party**

The Plaintiff pro se hereby moves the court to strike and disregard the Response to Plaintiff's Rule 72 Objection, filed by a non-party into a different case to which Plaintiff is not a party.

    There is no applicable rule of Civil Procedure that permits a non-party to respond to Plaintiff's Objection to the Court's order. The Objection was filed under Rule 72, and neither that Rule nor Rule 12 permits a non-party to file a response or any other document in this case—

1

and it was an error of the Court Clerk's office to set up a separate case to bypass the Rules of Civil Procedure and ignore well-settled standing and jurisdiction rules.  I conferred with Mr. Volokh about this and he failed to identify any legal authority for the non-party filing.  Instead, he said he "believed" the Objectors could respond.  *See Exhibit 1*.  As such, Mr. Volokh failed to fulfill his obligations under Fed.R.Civ.P. 11, which required him to do a reasonable inquiry and research to ascertain that his filings were supported by existing law or a reasonable extension of it.

Notably, no provision of the Federal Rules of Civil Procedure, caselaw, or statute permitted the non-party to file the objection in the first instance. The only provision was a District of Colorado local rule, D.C.COLO.LCivR 7.2—which only pertains to the Motion to Restrict the specific filing [ECF. No, 6].  This Rule does not permit nonparties without an interest in the case to object to Plaintiff's request to proceed under a pseudonym.  The plain language of the local rule states:

> **D.C.COLO.LCivR 7.2**
> **PUBLIC ACCESS TO DOCUMENTS AND PROCEEDINGS**
> **(a) Policy.** Unless restricted by statute, rule of civil procedure, or court order, the ***public shall have access to all documents filed with the court and all court proceedings***.
> **(b) Levels of Restriction.** There are three levels of restriction. Level 1 limits access to the parties and the court. Level 2 limits access to the filing party and the court. Level 3 limits access to the court.
> **(c) Motion to Restrict.** A motion to restrict public access shall be open to public inspection and shall:
> (1) identify the document or the proceeding for which restriction is sought;
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
> 7(5) identify the level of restriction sought.
> **(d) Public Notice of Motion to Restrict; Objection.** Notice of the filing of such motion shall be posted on the court's website on the court business day following the filing of the motion. Any person may file an objection to the motion to restrict

> no later than three court business days after posting. Absent exigent circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed. The absence of objection alone shall not result in the granting of the motion.
> **(e) Filing Restricted Documents.** A document subject to a motion to restrict shall be filed as a restricted document and shall be subject to restriction until the motion is determined by the court. If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days. If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection.

D.C.COLO.LCivR 7.2 (emphasis added). This Local Rule does not mandate that the public shall have access to the *true name of the plaintiff*, nor does it permit non-parties to object to Plaintiff's request for public anonymity. Applying the basic principle of interpretation, the Court should have applied the plain language of the Rule in its limited scope as to the nonparties—who lack standing to bring issue before this court, and not extended it to the pseudonymity issue. Therefore, the court misapplied this Local Rule, and there being no rule or provision of law that permits the nonparty to file responses to motions under any other authority, the Response must be stricken.

    The Plain language of this Rule is limited to a motion to restrict a document or restrict access to legal proceedings in this court—it *does not include Plaintiff's request to proceed under a pseudonym*. The Court erred in allowing the Objection to be filed, considering it, and then adopting those arguments without addressing Plaintiff's constitutional claims or the relevant caselaw. The Court—in this case, the Magistrate Judge—thereby acted outside its authority. Moreover, the Constitution does not confer upon a Magistrate Judge the authority to decide Motions for Leave to Restrict as part of the "preliminary review" of a case.

    Plaintiff has limited access to legal databases, but found no other District Court that allows an objection to be filed by a non-party *without a showing of a legitimate interest in the case*. The Objectors did not assert that they have a legitimate interest in this case, and did not establish that

3

they do.  D.C.COLO.LCivR 7.2 does not modify the standing requirements which are a jurisdictional prerequisite for this Court, nor does the local rule supercede Plaintiff's Constitutional rights.  The Local Rule cannot properly be the sole basis for the court allowing or considering the Objection.  Nor does it provide any basis for the Objectors to file a Response to Plaintiff's objections to the Court's Order.  This Court lacks jurisdiction to consider the Response filed, and therefore it must be stricken.

Similarly, the District of Colorado is the only court that does not assign a District Court Judge immediately to pro se plaintiff cases.  Local Rule 8.1 states, in relevant part:

> **(a) Review of Pro Se and In Forma Pauperis Party Pleadings.** A judicial officer designated by the Chief Judge shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily.

D.C.COLO.LCivR 8.1 does not allow a Magistrate Judge to decide contested Motions, including a Motion to Restrict—especially when the objection comes from a non-party.  "Dismissed summarily" means pleadings that fail to comply with the Rules of Procedure in form.  It cannot mean that the Magistrate Judge can do more than that.  This case was filed nearly 8 months ago.  The passage of time alone establishes that the complaint in this pro se case was not—and should not be--dismissed summarily.  This is yet another issue of the Court acting outside its authority.  These irregularities show that Plaintiff's Complaint strikes at the heart of pervasive corruption in the state judicial system, and the powerful are subverting justice and the rule of law in this forum too.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the court to grant this Motion and STRIKE the Response to Objection filed by the nonparty and prohibit the non-party from continuing to multiply this action without substantial justification, including by filing into a different case.

Respectfully submitted,

/s/ Jane Roe
Jane Roe, Plaintiff

Date: Thursday, May 1, 2025