APPEAL,JD1,NP ProSe,PS6

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
### CIVIL DOCKET FOR CASE #: 1:24–cv–03400–STV

Roe (PS) v. Colorado Judicial Department et al
Assigned to: Magistrate Judge Scott T. Varholak
 Case:  1:25–mc–00004–STV
Cause: 42:12111 – Americans With Disabilities Act – Employment

Date Filed: 12/06/2024
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Jane Roe**      represented by   **Jane Roe**
34 North Franklin
POB 6871992
Pinedale, WY 82941
PRO SE

V.

**Defendant**

**Colorado Judicial Department**
*a division of the State of Colorado*

**Defendant**

**Brian Boatright**
*in his official capacity as Chief Judge of the Colorado Supreme Court*

**Defendant**

**Brian (I) Boatright**
*individually*

**Defendant**

**Bryon Large**
*in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court*

**Defendant**

**Bryon (I) Large**
*individually*

**Defendant**

**Jessica Yates**
*in her official capacity as Attorney Regulation Counsel of the Colorado*

Supreme Court

**Defendant**

**Jessica (I) Yates**
*individually*

**Defendant**

**Jacob Vos**
*in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court*

**Defendant**

**Jacob (I) Vos**
*individually*

**Defendant**

**Rhonda White Mitchell**
*in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court*

**Defendant**

**Rhonda (I) White Mitchell**
*individually*

**Defendant**

**Cheryl Stevens**
*in her official capacity as Clerk of the Colorado Supreme Court*

**Defendant**

**Cheryl (I) Stevens**
*individually*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 12/06/2024 | 1 | COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR VIOLATIONS OF FEDERAL AND STATE DISCRIMINATION LAWS, PRIVACY RIGHTS, CIVIL RIGHTS, AND DUE PROCESS AND JURY DEMAND against Brian Boatright, Brian (I) Boatright, Colorado Judicial Department, Bryon Large, Bryon (I) Large, Rhonda White Mitchell, Rhonda (I) White Mitchell, Cheryl Stevens, Cheryl (I) Stevens, Jacob Vos, Jacob (I) Vos, Jessica Yates, Jessica (I) Yates, filed by Jane Roe.(agryan) (Entered: 12/06/2024) |
| 12/06/2024 | 2 | NOTICE Re: Plaintiff's Mailing Address by Plaintiff Jane Roe (agryan) (Entered: 12/06/2024) |

| | | |
|---|---|---|
| 12/06/2024 | 3 | Case assigned to Magistrate Judge Richard T. Gurley. Text Only Entry. (agryan) (Entered: 12/06/2024) |
| 12/09/2024 | 4 | ORDER Directing Plaintiff to Cure Deficiencies. If Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice. The dismissal shall be without prejudice, by Magistrate Judge Richard T. Gurley on 12/9/2024. (sphil, ) (Entered: 12/09/2024) |
| 01/02/2025 | 6 | RESTRICTED DOCUMENT – Level 1: Exhibit to ECF 5 by Plaintiff Jane Roe.. (cmadr, ) (Entered: 01/03/2025) |
| 01/03/2025 | 5 | PLAINTIFF'S MOTION FOR LEAVE TO RESTRICT ACCESS PURSUANT TO D.C.COLO.LCivR 7.2 by Plaintiff Jane Roe. (cmadr, ) (Entered: 01/03/2025) |
| 01/06/2025 | 7 | PAYMENT RECEIVED from Jane Roe in the amount of $ 405.00; Receipt Number 112905; (efoga, ) (Entered: 01/06/2025) |
| 01/06/2025 | 8 | ORDER OF RECUSAL by Magistrate Judge Richard T. Gurley on 1/6/2025. This case is directly reassigned to Magistrate Judge Scott T. Varholak. All future pleadings should be designated as 24−cv−03400−STV.. (sphil, ) (Entered: 01/07/2025) |
| 01/06/2025 | 9 | MOTION to Appoint Pro Bono Counsel by Plaintiff Jane Roe. (sphil, ) (Entered: 01/07/2025) |
| 01/08/2025 | 11 | CORRECTED AMENDED COMPLAINT against Brian Boatright, Brian (I) Boatright, Colorado Judicial Department, Bryon Large, Bryon (I) Large, Rhonda White Mitchell, Rhonda (I) White Mitchell, Cheryl Stevens, Cheryl (I) Stevens, Jacob Vos, Jacob (I) Vos, Jessica Yates, Jessica (I) Yates, filed by Jane Roe. (Attachments: # 1 Continuation of Main Document)(sphil, ) (Entered: 01/10/2025) |
| 01/08/2025 | 12 | CERTIFICATE of Compliance re: 4 Order, by Plaintiff Jane Roe. (sphil, ) (Entered: 01/10/2025) |
| 01/09/2025 | 10 | RESPONSE to 5 MOTION for Leave to Restrict *(Objection Under under D.C.COLO.LCivR 7.2(d))* Attorney Eugene Volokh added to party Colorado Freedom of Information Coalition(pty:obj), Attorney Eugene Volokh added to party Eugene Volokh(pty:dft) filed by Objector Colorado Freedom of Information Coalition, Defendant Eugene Volokh. (Volokh, Eugene) (Entered: 01/09/2025) |
| 01/09/2025 | 14 | SECOND ORDER Directing Plaintiff to Cure Deficiencies. Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 9) is DENIED without prejudice as premature, by Magistrate Judge Scott T. Varholak on 1/9/2025.(sphil, ) (Entered: 01/10/2025) |
| 01/10/2025 | 13 | MOTION for Leave to Respond 10 Response to Motion filed by Non−Party, by Plaintiff Jane Roe. (sphil, ) (Entered: 01/10/2025) |
| 01/14/2025 | 15 | MINUTE ORDER by Magistrate Judge Scott T. Varholak on 1/14/2025. Plaintiff filed a Motion for Leave to Respond to Motion filed by Non−Party (ECF No. 13). The Motion is GRANTED in part as follows: Plaintiff shall have thirty (30) days from the date of this Minute Order. |

| | | |
|---|---|---|
| | | to file a response to the motion filed by a non–party regarding proceeding with a pseudonym.(sphil, ) (Entered: 01/15/2025) |
| 01/21/2025 | 16 | Mail Returned as Undeliverable re: 8 Order of Recusal, 9 MOTION to Appoint Pro Bono Counsel, 11 Amended Complaint, 7 Payment Received, 14 Order on Motion to Appoint Pro Bono Counsel, 5 MOTION for Leave to Restrict, 13 MOTION for Leave to 10 Response to Motion, Addressed to Jane Roe. (Attachments: # 1 Envelope, # 2 Envelope, # 3 Envelope, # 4 Envelope, # 5 Envelope, # 6 Envelope) (echa, ) (Entered: 01/21/2025) |
| 01/27/2025 | 17 | Mail Returned as Undeliverable re: 15 Order on Motion for Leave, Addressed to Jane Roe. (echa, ) (Entered: 01/27/2025) |
| 02/05/2025 | 18 | MOTION for Extension of Time, Motion for Clarification and Appointment of Counsel, by Plaintiff Jane Roe. (sphil, ) (Entered: 02/06/2025) |
| 02/10/2025 | 19 | MINUTE ORDER by Magistrate Judge Scott T. Varholak on 2/10/2025. Plaintiff filed a "Motion for Clarification, Extension of Time, Appointment of Counsel."(ECF No. 18). The Motion is GRANTED in part and DENIED in part.(sphil, ) (Entered: 02/11/2025) |
| 02/13/2025 | 20 | MOTION for Extension of Time to Respond by Plaintiff Jane Roe. (sphil, ) (Entered: 02/13/2025) |
| 02/14/2025 | 21 | MINUTE ORDER. Plaintiff's Motion for Extension of Time (ECF No. 20 ) is GRANTED. Plaintiff shall have until February 27, 2025 to file a response to the motion filed by a non–party regarding Plaintiff proceeding with a pseudonym (see ECF No. 13 ). By Magistrate Judge Scott T. Varholak on 2/14/2025.(amona, ) (Entered: 02/14/2025) |
| 02/27/2025 | 22 | MOTION for Extension of Time to Respond to 10 Non–Party Objection by Plaintiff Jane Roe. (sphil, ) (Entered: 02/28/2025) |
| 03/14/2025 | 23 | REPLY to Response to 5 MOTION for Leave to Restrict filed by Plaintiff Jane Roe. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(sphil, ) (Entered: 03/17/2025) |
| 03/19/2025 | 25 | NOTICE of Claim by Plaintiff Jane Roe (sphil, ) (Entered: 03/21/2025) |
| 03/20/2025 | 24 | NOTICE OF ERRORS re: 23 REPLY to Response to 5 MOTION for Leave to Restrict by Plaintiff Jane Roe (sphil, ) (Entered: 03/21/2025) |
| 03/25/2025 | 26 | Corrected REPLY to Response to 5 MOTION for Leave to Restrict by Plaintiff Jane Roe. (sphil, ) (Entered: 03/26/2025) |
| 04/03/2025 | 27 | NOTICE of a Lawsuit and Request to Waive Service of a Summons Unsigned by the Defendants Submitted by Plaintiff Jane Roe. (sphil, ) (Entered: 04/04/2025) |
| 04/07/2025 | 28 | SUMMONSES issued by Clerk. (Attachments: # 1 Magistrate Judge Consent Form) (sphil, ) (Entered: 04/07/2025) |
| 04/07/2025 | 29 | ORDER by Magistrate Judge Scott T. Varholak on 4/7/2025, re: 22 Plaintiff's motion seeking an extension of time is DENIED as moot. Plaintiff's Motion for Leave to Restrict Access Pursuant to |

| | | |
|---|---|---|
| | | D.C.COLO.LCivR 7.2, requesting to be allowed to proceed using a pseudonym 5 is DENIED. (sphil, ) (Entered: 04/07/2025) |
| 04/08/2025 | 30 | MINUTE ORDER re: 28 Summons Issued by Magistrate Judge Scott T. Varholak on 4/8/2025. ORDERED this action is currently under initial review pursuant to D.C.COLO.LCivR 8.1(a). Thus, any defendant that is served with process is not required to file an answer or other response until 21 days after initial review is completed and only if the case is drawn to a district judge and/or a magistrate judge.under D.C.COLO.LCivR 8.1(c). (sphil, ) (Entered: 04/08/2025) |
| 04/14/2025 | 31 | MOTION for Assignment of a District Court Judge to This Case, Clarification of Appeal/Review Procedure; and for Stay of 29 Pending Appeal/Review, by Plaintiff Jane Roe. (sphil, ) (Entered: 04/15/2025) |
| 04/21/2025 | 32 | OBJECTIONS to 29 Order on Motion for Leave to Restrict,, Order on Motion for Extension of Time to File, by Plaintiff Jane Roe. (sphil, ) (Entered: 04/22/2025) |
| 05/01/2025 | 33 | MOTION for Extension of Time by Plaintiff Jane Roe. (sphil, ) (Entered: 05/02/2025) |
| 05/02/2025 | 34 | MOTION to Strike Response to Objection filed by non−party by Plaintiff Jane Roe. (Attachments: # 1 Exhibit 1)(sphil, ) (Entered: 05/02/2025) |
| 05/02/2025 | 35 | NOTICE OF APPEAL as to 29 Order by Plaintiff Jane Roe. (cmadr, ) (Entered: 05/05/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03400-STV

JANE ROE,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado,
BRIAN BOATRIGHT, individually & officially, Chief Judge of the Colo. S. Ct.,
BRYON LARGE, individually & officially, Presiding Disciplinary Judge of the Colo. S. Ct.,
JESSICA YATES, individually & officially, Attorney Regulation Counsel of the Colo. S. Ct.,
JACOB VOS, individually & officially, Asst. Regulation Counsel of the Colo. S. Ct.,
RHONDA WHITE MITCHELL, individually & officially, Sr. Asst. Regulation Counsel of the Colo. S. Ct., and
CHERYL STEVENS, individually & officially, Clerk of the Colo. S. Ct.,

    Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO RESTRICT

---

Plaintiff Jane Roe initiated this action on December 6, 2024, by filing pro se a "Complaint for Damages and Equitable Relief for Violations of Federal and State Discrimination Laws, Privacy Rights, Civil Rights, and Due Process and Jury Demand," and using a pseudonym (ECF No. 1).

On December 9, 2024, Magistrate Judge Richard T. Gurley directed Plaintiff to cure certain designated deficiencies. (ECF No. 4). Additionally, Plaintiff was informed that she must seek permission from the Court to proceed using a pseudonym. (*Id.*).

In response, Plaintiff paid the filing fee (ECF No. 7), filed a Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR 7.2, where she requested to be allowed

1

to proceed using a pseudonym ("Motion for Leave to Restrict") (ECF No. 5), and filed a Corrected Amended Complaint (ECF No. 11).

On January 9, 2025, the Colorado Freedom of Information Coalition and Eugene Volokh, nonparties to this action, filed an "Objection to Motion for Leave to Restrict." ("Nonparty Objection"). (ECF No. 10). Plaintiff requested leave to respond to the Nonparty Objection. (ECF No. 13). On January 14, 2025, the Court granted Plaintiff's request for leave to respond to the Nonparty Objection and ordered Plaintiff to file a response within thirty days. (ECF No. 15). On February 13, 2025, Plaintiff filed a motion seeking an extension of time to respond to the Nonparty Objection. (ECF No. 20). The Court granted her request for an extension of time and ordered her to file a response by February 27, 2025. (ECF No. 21). On February 27, 2025, Plaintiff filed another motion seeking a two-week extension of time to file a response to the Nonparty Objection. (ECF No. 22). This motion is still pending but the two-week extension sought by Plaintiff passed with no response filed by Plaintiff. (*See* docket). On March 14, 2025, Plaintiff filed a "Reply in Support of Motion for Leave to Restrict [to Proceed Under Pseudonym] [ECF No. 5]". (ECF No. 23). Therefore, Plaintiff's motion seeking a two-week extension of time will be denied as moot.

On March 19, 2025, Plaintiff filed a Notice of Claim. (ECF No. 25). On March 20, 2025, she filed a Notice of Errors (ECF No. 25), and on March 25, 2025, she filed a "Corrected Reply in Support of Motion for Leave to Restrict [to Proceed Under Pseudonym] [ECF No. 5]" ("Corrected Reply") (ECF No. 26).

Local rule of practice 7.2, D.C.COLO.LCivR governs motions to restrict public access. Generally, the public is entitled to access all documents filed with the Court.

2

D.C.COLO.LCivR 7.2 (a). A motion to restrict public access must "address the interest to be protected and why such interest outweighs the presumption of public access" and "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2 (c)(2) and (3). Pursuant to D.C.COLO.LCivR 7.2(d), "[a]ny person may file an objection to the motion to restrict no later than three court business days after posting."

The local rule recognizes that there is a presumptive right of public access to court filings and proceedings.

> The presumption of public access recognized and promoted by the local rule finds its root in the common law rights of access to judicial proceedings and to inspect judicial records-rights which are "beyond dispute." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067 (3d Cir. 1984). The reason for the presumption of open access to court proceedings is easily understood. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509, 104 S. Ct. 819, 78 L. Ed.2d 629 (1984). The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

*Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010).

Of course, the public's right of access is not absolute. *See United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). The court has discretion to "seal documents if the public's right of access is outweighed by competing interests." *Id.* The court exercises this discretion "in light of the relevant facts and circumstances of the particular case." *Id.*

> [A]ccess has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case. Similarly,

3

> courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

*Nixon v. Warner Comm'ns Inc.*, 435 U.S. 589, 597 (1978) (citations omitted).

In the motion to restrict access, Plaintiff states that her identity should not be made publicly available "due to the highly personal and confidential nature of the allegations in the Complaint and Jury Demand." (ECF No. 5 at 2). She also states that she is concerned about acts of reprisal that could "further damage her personal and professional reputation and future endeavors and inflict additional and severe financial and/or mental harm." (*Id.*). In her Complaint, Plaintiff alleges that she was mistreated in the attorney disciplinary process, which resulted in her being disbarred in March 2023. (ECF No. 11-1).

In the Nonparty Objection, the nonparties note that the Tenth Circuit has "generally concluded that pseudonymous challenges to professional disciplinary proceedings are improper." (ECF No. 10 at 1 (citing *Coe v. U.S. Dist. Ct. for Dist. of Colorado*, 676 F.2d 411 (10th Cir. 1982)). The nonparties also note that in order to evaluate the disciplinary proceedings that Plaintiff is challenging, it is necessary to know her name to find the decision explaining her disbarment and other decisions that provide a perspective on her alleged misbehavior. (*Id.* at 2). The nonparties also argue that using a pseudonym is especially inappropriate in cases, such as this one, where plaintiff has been accused of vexatious litigation practices. (*Id.*). Plaintiff has acknowledged in her Complaint that "in February 2024, the [Colorado] Supreme Court issued a decision barring Plaintiff from representing herself in any action in any state court in Colorado," (ECF No. 1 at 18).

4

In her Corrected Reply, Plaintiff first argues that the nonparties do not have standing to object in this case and that Mr. Volokh misrepresented himself and failed to properly identify all of the members of the Association he represents. (ECF No. 26 at 5-6). She asks the Court to give no weight to the Nonparty Objection and to ignore it entirely. (*Id.*). Further, Plaintiff contends that requiring her to use her real name in this litigation would violate her due process rights under the Fourteenth Amendment by subjecting her to further reputational, psychological, emotional, and economic harm. (*Id.* at 7). She maintains that her privacy interests outweigh the public interests in this case. (*Id.*).

Initially, although Plaintiff questions whether the nonparties had standing or any right to object to her motion for leave to restrict, as noted above, this Court's local rules specifically allow "any party" to file such an objection. *See* D.C.COLO.LCivR 7.2(d) ("**Any person** may file an objection to the motion to restrict no later than three court business days after posting." (emphasis added)).

After considering the Motion to Restrict Access, the Nonparty Objection, and the Corrected Reply, the Court finds that the Motion to Restrict Access fails to comply with D.C.COLO.LCivR 7.2(c). Plaintiff's allegations are entirely too vague and too conclusory to overcome the presumptive right of public access to court filings and proceedings and to warrant restriction. Plaintiff will be directed to file a Second Amended Complaint that uses her real name if she wishes to proceed with her claims in this action.

Accordingly, it is

ORDERED that Plaintiff's motion seeking an extension of time (ECF No. 22) is DENIED as moot. It is

5

FURTHER ORDERED that Plaintiff's Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR 7.2, requesting to be allowed to proceed using a pseudonym (ECF No. 5), is DENIED. It is

FURTHER ORDERED that if Plaintiff wishes to proceed with this action, she shall file **within thirty days from the date of this Order** a Second Amended Complaint on the court-approved Complaint form that uses her real name. It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint as directed within the time allowed, the action will be dismissed without further notice. The dismissal will be without prejudice.

DATED April 7, 2025.

BY THE COURT:

s/ Scott T. Varholak
SCOTT T. VARHOLAK
United States Magistrate Judge

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  24-cv-3400-STV

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*12:39 pm, May 02, 2025*
JEFFREY P. COLWELL, CLERK

JANE ROE,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado;
BRIAN BOATRIGHT, individually, and in his official capacity as Chief Judge of the Colorado Supreme Court;
BRYON LARGE, individually, and in his official capacity as Presiding Disciplinary Judge of the Colorado Supreme Court;
JESSICA YATES, individually, and in her official capacity as Attorney Regulation Counsel of the Colorado Supreme Court;
JACOB VOS, individually, and in his official capacity as Assistant Regulation Counsel of the Colorado Supreme Court;
RHONDA WHITE MITCHELL, individually, and in her official capacity as Senior Assistant Regulation Counsel of the Colorado Supreme Court; and
CHERYL STEVENS, individually and in her official capacity as Clerk of the Colorado Supreme Court,

    Defendant(s).

## NOTICE OF APPEAL FROM AN APPEALABLE ORDER

The Plaintiff, Jane Roe, _____ appeals to the United States Court of Appeals for the Tenth Circuit from:

the order  Denying Plaintiff's Motion for Leave to Restrict [to proceed anonymously]

entered on         April 7, 2025        [ECF No. 29]                  .

Dated    May 1, 2025                            .

                                                      /s/ *Jane Roe*
                                      Signature
                                          Jane Roe
                                      Printed Name.
                                      34 N. Franklin Ave,
                                      Ste 1992,
                                      Pinedale, WY 82941