**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-03400-STV

JANE ROE,

Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, a division of the State of Colorado,
BRIAN BOATRIGHT, individually & officially, Chief Judge of the Colo. S. Ct.,
BRYON LARGE, individually & officially, Presiding Disciplinary Judge of the Colo. S. Ct.,
JESSICA YATES, individually & officially, Attorney Regulation Counsel of the Colo. S. Ct.,
JACOB VOS, individually & officially, Asst. Regulation Counsel of the Colo. S. Ct.,
RHONDA WHITE MITCHELL, individually & officially, Sr. Asst. Regulation Counsel of the Colo. S. Ct., and
CHERYL STEVENS, individually & officially, Clerk of the Colo. S. Ct.,

Defendants.

---

**ORDER OF DISMISSAL**

---

Plaintiff Jane Roe initiated this action on December 6, 2024, by filing *pro se* a "Complaint for Damages and Equitable Relief for Violations of Federal and State Discrimination Laws, Privacy Rights, Civil Rights, and Due Process and Jury Demand," and using a pseudonym (ECF No. 1).

On December 9, 2024, Magistrate Judge Richard T. Gurley directed Plaintiff to cure certain designated deficiencies. (ECF No. 4). Additionally, Plaintiff was informed that she must seek permission from the Court to proceed using a pseudonym. (*Id.*).

In response, Plaintiff paid the filing fee (ECF No. 7), filed a Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR 7.2, where she requested to be allowed to proceed using a pseudonym (ECF No. 5), and filed a Corrected Amended Complaint (ECF No. 11).

On March 19, 2025, Plaintiff filed a Notice of Claim. (ECF No. 25). On March 20, 2025, she filed a Notice of Errors (ECF No. 25), and on March 25, 2025, she filed a "Corrected Reply in Support of Motion for Leave to Restrict [to Proceed Under Pseudonym] [ECF No. 5]" (ECF No. 26).

On April 7, 2026, Magistrate Judge Scott T. Varholak denied Plaintiff's Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR 7.2, requesting to be allowed to proceed using a pseudonym. (ECF No. 29.) Plaintiff was directed to file, within thirty days, a Second Amended Complaint on the court-approved Complaint form that used her real name. (*Id.*). She was warned that if she failed to file a Second Amended Complaint with her real name as directed within the time allowed, the action would be dismissed without further notice. (*Id.*).

In response, on April 21, 2025, she filed Objections to Magistrate Varholak's order denying her leave to proceed using a pseudonym. (ECF No. 32). On May 2, 2025, Plaintiff filed a Notice of Appeal as to Magistrate Varholak's order (ECF No. 35). The Tenth Circuit Court of Appeals dismissed her appeal on June 26, 2026 for lack of jurisdiction because the magistrate judge was not proceeding upon designation of a district judge and with the consent of the parties and because the district court had not

issued a final decision. (ECF No. 39). On July 8, 2025, the Court overruled Plaintiff's Objections to Magistrate Varholak's Order, and Plaintiff was ordered to file a Second Amended Complaint with her real name within thirty days. (ECF No. 40). Plaintiff was again warned that if she failed to file a Second Amended Complaint with her real name as directed within the time allowed, the action would be dismissed without further notice. (*Id.*).

On July 8, 2025, Plaintiff filed an Amended Notice of Appeal as to the District Court's Order overruling her objections. (ECF No. 41). On June 16, 2026, the Tenth Circuit affirmed the District Court's Order requiring Plaintiff to file an amended pleading using her real name. (ECF No. 48). The Mandate issued on July 8, 2026. (ECF No. 50).

On July 9, 2026, Magistrate Judge Varholak issued a Minute Order informing Plaintiff that if she wished to proceed with this action, she must file, within thirty days, a Second Amended Complaint on the court-approved Complaint form that uses her real name. (ECF No. 51).

On August 10, 2026, Plaintiff filed a motion for extension of time to file a second amended complaint. (ECF No. 52). On August 17, 2026, Magistrate Varholak granted her motion for extension of time in part and ordered her to file her amended pleading as directed by August 31, 2026. (ECF No. 53).

The Court's August 17, 2026 Order granting her an extension of time (ECF No. 53) was returned to the Court by the United States Postal Service as undelivered (ECF

No. 55). The returned envelope states: "Return to Sender; Not Deliverable as Addressed; Unable to Forward." (*Id.*).

Plaintiff has failed to file a Second Amended Complaint with her real name as directed within the time allowed, and she has not communicated with the Court in any way regarding this action since the August 17, 2026 Minute Order. Therefore, the action will be dismissed for failure to follow a Court Order and failure to prosecute.

Furthermore, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $605.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 11) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to follow a Court Order within the time allowed and failed to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 3rd day of September, 2026.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court